**In re Carol Ann LINN, Debtor.**

**Bankruptcy No. 85–01080–B.**

United States Bankruptcy Court,
W.D. Oklahoma.

Aug. 29, 1985.

---

Mark Hammons of Hammons & Hammons, El Reno, Okl., for Carol Ann Linn.

Michael F. Rolinaitis, Oklahoma City, Okl., for trustee.

### MEMORANDUM OPINION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter is before the Court on the objection of the trustee to the debtor's claimed exemption from property of the estate of a certain income tax refund

check. The debtor seeks to exempt said refund pursuant to Oklahoma's statutory exemption law, Oklahoma having "opted out" of the federal exemptions of 11 U.S.C. § 522(d). *See* Okla.Stat. tit. 31, § 1 (Supp. 1984). The sole issue is whether or not such a refund constitutes "earnings from personal services" within the meaning of Okla.Stat. tit. 31, § 1.1 (Supp.1984).

Section 1.1 provides, in pertinent part, as follows:

Following the issuing of an execution, attachment or garnishment process, except process to collect judgment or order for child support or maintenance of children, the debtor may file with the court an application requesting a hearing to exempt from such process by reason of undue hardship *that portion of his earnings from personal services* necessary for the maintenance of a family supported wholly or partially by the labor of the debtor.... (emphasis supplied)

This exemption is in addition to the exemption of 75% of all current wages or earnings for personal or professional services earned during the previous 90 days, less certain exceptions regarding child support. Okla.Stat. tit. 31, § 1(A)(17) (Supp.1984).

Simply stated, the debtor seeks a determination that in Oklahoma the amount represented by a federal income tax refund check shall be treated for state exemption purposes, and conversely bankruptcy purposes, the same as earnings. At the hearing on the debtor's motion, both parties stipulated that all the facts existed which would constitute an undue hardship in this debtor's case in the event that the exemption statute was applicable.

There is no question that it is black letter law that tax refunds are property of the estate pursuant to 11 U.S.C. § 541. *See Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *In re Rash,* 22 B.R. 323

(Bankr.D.Kan.1982). The issue of whether such a refund should be allowed as coming within the purview of its exemption statute is one of first impression in Oklahoma. Were we to embrace the debtor's proposition, we would be formulating a policy whereby a debtor could exempt 75% of wages earned, accordingly entitling the bankruptcy trustee to only a 25% attachment, plus a 100% exemption from the estate of a tax refund should the hardship requirement be met. Query: inasmuch as § 1.1 speaks of "earnings" and § 1(A)(17) speaks of "wages earned", did the Oklahoma legislature intend that a definitional distinction should exist between the two sections? Are we to equate "wages earned", yet unpaid, with "earnings"? [1]

An examination of the Oklahoma statutes does not discover a definition of "earnings". However the Protection of Labor Act, Okla.Stat. tit. 40, § 165.1 *et seq.* (Supp. 1984), defines "wages" as "compensation owed by an employer to an employee for labor or services rendered...." *Id.* at § 165.1(3). This definition tracts that of "wages" for purposes of federal income tax withholding: "all remuneration ... for services performed by an employee for his employer...." 26 U.S.C. § 3401. *Black's* tells us that "[earnings] is broader in meaning than 'wages'." H. Black, *Black's Law Dictionary* (5th ed. 1979).

A fundamental canon of statutory construction is that unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. *Perrin v. United States,* 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). When a term is left undefined by the statute in which it is employed, the court must start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used. *Russello v. United States,* 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). We conclude that the Oklahoma legislature intended that the

---

**1.** As we previously noted, the issue before us is whether a tax refund shall constitute "earnings". Should we determine that "wages earned" in fact does equate to "earnings", it would seem

that a determination as to whether a tax refund constitutes one gives preclusive effect as to its status with regard to the other.

terms "wages earned" and "earnings" may be utilized interchangeably; any difference is purely one of semantics and not substantive interpretation.

It is axiomatic that in determining the scope of a state-created exemption a bankruptcy court must look to state law. *In re Love*, 42 B.R. 317 (Bankr.N.C.1984). Yet it would appear to us that proper analysis of the issue at bar mandates inquiry of the nature of the federal income tax withholding, for it is withholdings which comprise the subject check.[2]

At its core the federal income tax withholding system is merely a mode whereby is made possible the prior collection of projected tax revenues, through the employer as intercessor, allowing the respective taxpayer and the government to determine the ultimate amount of tax liability. One purpose of 26 U.S.C. § 3402, which requires employers to withhold income taxes from employees' wages, is to assist the government in securing needed revenue without having to resort to levy. *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974). The ultimate tax liability rests in no small measure on the prowess of the individual taxpayer. Those with great adroitness, luck and/or creative accounting may recover a great portion of the withholding. Those not so fortunate, i.e. those who bear the brunt of the tax burden, recover little if any of the withholding. What is important for our purposes is that it is at the point of withholding that the very essence of the monies withheld changes. A metamorphosis occurs wherein what were once wages are now taxes. At this juncture the money belongs to the government. Of further importance is the fact that there is no reasonable relation between the original withholding and any ultimate refund. It is *taxes*, not *wages* which are being withheld. *Cf. Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978) (once net wages are paid by an employer to an

employee, federal *taxes* required to be withheld from wages by the employer for income and social security taxes are credited to the employee regardless of whether the employer pays them to the government, and the Internal Revenue Service has recourse only against the employer for the payment of such taxes required to be withheld).

With the foregoing firmly in mind, and recognizing again that the issue is one of first impression in Oklahoma, we believe that the question "is a federal income tax refund check 'earnings' within the meaning of Okla.Stat. tit. 31, § 1.1 (Supp.1984)?", must be answered in the negative. Accordingly, the objection of the trustee to the motion of the debtor seeking the subject tax refund to be held as exempt from property of the estate shall be and hereby is, sustained. The foregoing constitutes our findings of fact and conclusions of law pursuant to Bankr.R. 7052 and shall constitute the judgment and order of this Court.

---

**2.** We need not decide the question, as it is not presently before us; however, we do not see why our subsequent discussion would not apply

should question arise as to whether a *state* tax refund would be exempt.