**In the Matter of David Arthur TRUAX, Debtor.**

**Bankruptcy No. 89–1686–8B7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 1, 1989.

Thomas Chawk, Lakeland, Fla., for debtor.

V. John Brook, St. Petersburg, Fla., trustee.

Charles Medearis, St. Petersburg, Fla., for trustee.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION OF IRS REFUND

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Trustee's Objection to the Debtor's claimed exemption of the Debtor's income tax refund. The Court reviewed the Objection, the record, heard argument of counsel and finds as follows:

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 16, 1989. An IRS refund to the Debtor in the amount of $3,441.00 for the tax year 1988 is claimed as exempt wages pursuant to Section 222.11 Fla.Stat. (1987) and Art. X, Section 4 of the Florida Constitution. The Debtor and Trustee agree the tax refund came from the Debtor's pre-petition wages. The Trustee, however, contends the post-petition tax refund cannot be characterized as wages and therefore is not exempt property.

The United States Supreme Court has held that an income tax refund is property of the estate which passes to the trustee. *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). *See also, Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). While these cases were decided under the Bankruptcy Act, they have been followed consistently in cases decided under the Code. *In re Orndoff,* 100 B.R. 516 (Bankr.E.D.Calif.1989).

Clearly, in the Eleventh Circuit an income tax refund received post-petition based on pre-petition wages is property of the estate which passes to the trustee. *United States v. Michaels,* 840 F.2d 901 (11th Cir.1988). Thus, in the Eleventh Circuit the tax refund is not characterized as wages and is not exempt pursuant to Art. X, Section 4 of the Florida Constitution and Section 222.11 Fla.Stat. (1987). The Trustee's objection must therefore be sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Trustee's Objection to Exemption of IRS Refund be, and the same is hereby, sustained. The IRS refund to the Debtor in the amount of $3,441.00 for the tax year 1988 does not constitute wages for purposes of Section 222.11. Fla.Stat. (1987). Pursuant to the stipulation of the Trustee and the Debtor, $54.01 of the refund for the tax year 1988 is hereby determined to be exempt personal property under 11 U.S.C. § 522. The remainder of the tax refund is not exempt property under 11 U.S.C. § 522, is hereby determined to be property of the estate, and is subject to administration by the Trustee.

DONE AND ORDERED.