In re Ryd **WALLERSTEDT and Colleen Wallerstedt, Debtors.**

Ryd **WALLERSTEDT and Colleen Wallerstedt, Appellees,**

v.

David A. **SOSNE, Trustee, Appellant.**

No. 90–1613.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided April 15, 1991.

Rehearing Denied June 5, 1991.

Mina Saiedy Nami, St. Louis, Mo., for appellant.

Mark H. Zoole, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HANSON,* District Judge.

JOHN R. GIBSON, Circuit Judge.

David A. Sosne, trustee in the bankruptcy proceeding of Ryd and Colleen Wallerstedt, appeals from the district court's decision permitting the Wallerstedts to exempt certain state and federal income tax refunds from the bankruptcy estate under Mo.Rev.Stat. § 525.030(2) (1986). The trustee argues that when withheld and forwarded to the respective governmental treasuries, the Wallerstedts' wages lost their character as earnings, and also that by its express language, the Missouri garnishment statute does not apply to income tax refunds. We reverse the district court's judgment and hold that the Wallerstedts' tax refunds are no longer earnings and are not exempt from the bankruptcy estate under Missouri law.

Both parties stipulated to the facts. In 1988 the Wallerstedts worked as laborers. At the end of the year they were entitled to income tax refunds totalling $5,357, $4,075 from the federal government and $1,282 from the State of Missouri. *In re Wallerstedt*, No. 89–02717—BSS, slip op. at 1–2 (Bankr.E.D.Mo. Sept. 25, 1989). Before receiving these refunds, the Wallerstedts filed for protection under Chapter 7 of the federal Bankruptcy Code. On their schedule B–4, the Wallerstedts listed the tax refunds as earnings that are partially exempt from the bankruptcy estate pursuant

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

to section 525.030(2).[1]

The trustee objected to the Wallerstedts' claim of exemption, arguing that tax refunds are not "earnings of an individual." The trustee also argued, in the alternative, that even if the refunds were "earnings," Missouri's garnishment statute only exempts those earnings that remain after deducting "any amounts required to be withheld by law." Section 525.030(2).[2]

The bankruptcy court overruled the trustee's objection, holding that the Wallerstedts' tax refunds are "earnings" as that term is used in the Missouri garnishment statute. *In re Wallerstedt*, slip op. at 7 (Sept. 25, 1989); *In re Wallerstedt*, No. 89–02717–BSS, suppl. op. at 2 (Bankr.E. D.Mo. Oct. 31, 1989). The court also held that the tax refunds qualify for exemption from the bankruptcy estate because the language—"amounts required by law to be withheld"—in the Missouri statute denotes only the portion of an employee's withheld earnings that is ultimately used to satisfy tax liability, and therefore does not apply to the Wallerstedts' tax refunds. Slip op. at 5–7 (Sept. 25, 1989). On appeal, the district court affirmed the bankruptcy court's rulings. *Sosne v. Wallerstedt*, No. 89–2026–C(4), slip op. at 4–5 (E.D.Mo. Apr. 3, 1990).

■ The trustee's first objection to the Wallerstedts' claim of exemption involves the characterization of income. The trustee claims that once an employer withholds a percentage of an employee's income for the benefit of taxing authorities, that income loses its character as "earnings." According to the trustee, by withholding income, the employer transforms it from "earnings" into something new, so that if the taxing authority later returns surplus withholdings to the employee, the money is no longer "earnings" but has become a "tax refund."[3]

■ The question before us, then, is whether an income tax refund is earnings or has been transformed by the withholding process into some other asset that the trustee is free to collect and distribute to creditors. On this issue, the district court held that " 'earnings' do not los [sic] their character as such because they have been withheld by taxing authorities and then returned." *Wallerstedt*, slip op. at 4. At the outset, we are inclined to agree. The practical reality to the taxpayers, who have had more of their earnings withheld than necessary to satisfy their tax liabilities, is simply a return of that excess to them. In many respects, the equities favor the debtor on this issue, particularly in light of the general rule that courts should construe exemption statutes liberally in favor of the debtor. *Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871, 875 (8th Cir.1988) (" 'the policy of [exemption] statutes is to favor the debtors, at the expense of the creditors ... such statutes are construed liberally in favor of the exemption' ") (citing *Forsberg v. Security State Bank*, 15 F.2d 499, 501 (8th Cir.1926)); *Murray v.*

1. In 1982 the Missouri legislature opted out of the federal exemption scheme pursuant to 11 U.S.C. § 522(b)(2) (1988), thereby restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than section 11 U.S.C. § 522(d). Mo.Rev. Stat. § 513.427; *In re Sanders*, 69 B.R. 569, 570 (Bankr.E.D.Mo.1987). The Wallerstedts claimed exemption under Missouri's garnishment statute because that statute has been interpreted as providing an exemption for pre-bankruptcy earnings a debtor receives after the filing date. *Id.* at 576.

2. The statute states:

2. The maximum part of the aggregate earnings of any individual for any workweek, *after the deduction from those earnings of any amounts required by law to be withheld,*

which is subjected to garnishment may not exceed (a) twenty-five percentum, or (b) the amount by which his aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time the earnings are payable, or (c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less....

Section 525.030(2) (emphasis added). *See In re Sanders*, 69 B.R. at 576 (holding that section 525.030 enables Missouri debtors to exempt pre-bankruptcy earnings).

3. The trustee cites no authority for this proposition, but instead argues that this is an issue of first impression in this jurisdiction.

*Zuke,* 408 F.2d 483, 487 (8th Cir.1969) ("exemption laws were manifestly enacted for the relief of a debtor ... and should be liberally construed").

However, we do not decide this case in a vacuum. While the issue before us is one of state law, decisions on a similar issue under federal law have strong bearing on this case. In February 1974, a panel of this circuit decided *Gehrig v. Shreves,* 491 F.2d 668 (8th Cir.1974), a bankruptcy case that addressed the question "whether [a] tax refund is subject to the restrictions on wage garnishments of the Consumer Credit Protection Act of 1968." *Id.* at 669. In *Gehrig,* this circuit decided that income tax refunds resulting from the payment of minimum withholding are payments of "deferred earnings," and as such are not property of a bankrupt's estate available for distribution by the trustee. *Id.* at 673. The panel went on to hold that to the extent a wage earner's withholdings exceed the minimum required by law, the amount of tax refunds "attributable to voluntary optional excessive withholding of wages should be treated as disposable earnings," *id.,* which are property of the bankruptcy estate, but are protected from the trustee's reach by the Consumer Credit Protection Act's limitation on garnishment, *id.*

The *Gehrig* decision directly conflicted with a Second Circuit bankruptcy case, *In re Kokoszka,* 479 F.2d 990 (2d Cir.1973). The Second Circuit held that "a tax refund is not 'earnings,'" for purposes of the Consumer Credit Protection Act's garnishment provisions. *Id.* at 996. The Supreme Court subsequently affirmed the Second Circuit's decision in *Kokoszka,* holding that "earnings" as defined in the Consumer Credit Protection Act, does not include income tax refunds, but is limited to "'periodic payments of compensation, and [does] not pertain to every asset that is traceable in some way to such compensation.'" *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974) (quoting *In re Kokoszka,* 479 F.2d at 997).

In reaching this conclusion, the Supreme Court relied on the rationale behind the Consumer Credit Protection Act, stating that "'Congress' concern [in passing the act] was not the *administration* of a bankrupt's estate but the *prevention* of bankruptcy in the first place by eliminating 'an essential element in the predatory extension of credit resulting in a disruption of employment, production, as well as consumption' and a consequent increase in personal bankruptcies.'" *Id.* at 650, 94 S.Ct. at 2436 (footnote omitted) (emphasis in original). The Court went on to say "[t]here is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* at 651, 94 S.Ct. at 2436.

Although the Supreme Court addressed the issue under the federal exemption scheme and in light of a federal garnishment statute, we are convinced that the same reasoning should apply to the Wallerstedts' claim for exemption under the Missouri garnishment statute. *See Kokoszka,* 417 U.S. at 648–49, 94 S.Ct. at 2435. We acknowledge that no Missouri authority exists on this question of state law and we have no legislative history to guide us in interpreting section 525.030(2). Nonetheless, we believe that Missouri courts would find persuasive these decisions applying federal law to a quite similar issue. We thus hold that the Wallerstedts' 1988 tax refunds are not earnings, and cannot be exempted from the bankruptcy estate under the Missouri garnishment statute.

We find further support for our conclusion in bankruptcy court decisions issued since *Kokoszka. In re Traux,* 104 B.R. 471, 472 (Bankr.M.D.Fla.1989) (holding that a tax refund is not wages and thus is not exempt from the bankruptcy estate under Florida's garnishment law); *In re Linn,* 52 B.R. 63, 65 (Bankr.W.D.Okla.1985) (holding that a federal income tax refund is not earnings within the meaning of Oklahoma's garnishment statute); *In re Verill,* 17 B.R. 652, 655 (Bankr.D.Md.1982) (holding that excess "[i]ncome tax withholding is simply not wages within the meaning of the [state garnishment] statute"). These cases ad-

dress the same issues that Wallerstedts raise, and their reasoning confirms the conclusion we reach from the Supreme Court's decision in *Kokoszka.*

We reverse the decision of the district court and we deny the Wallerstedts' claim of exemption for income tax refunds.