**In re John Lawrence MILES, Debtor.**

**Bankruptcy No. 92–04058–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

April 22, 1993.

Ty H. Stites, Tulsa, OK, for debtor.

Scott P. Kirtley, Tulsa, OK, for trustee.

### MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Trustee's Objection to Debtor's Claim of Exemption to seventy-five percent (75%) of his 1992 tax refunds due from the Internal Revenue Service ("IRS") and Oklahoma Tax Commission ("OTC") which arose from monies withheld from his wages/earnings in the ninety days prior to Debtor filing bankruptcy. The parties were directed to file Stipulations of Fact and briefs in support of their positions and the matter was taken under advisement. Upon review of the record and applicable law, the Court finds as follows.

### STATEMENT OF FACTS

The parties have stipulated to the following facts:

1. On November 20, 1992, Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

2. Debtor listed as personal property on Schedule B of his bankruptcy schedules any tax refunds due from the IRS and the OTC.

3. Debtor claimed as exempt on Schedule C of his bankruptcy schedules seventy-five percent (75%) of the refunds due from the IRS and OTC which arose from monies withheld from his wages/earnings during the ninety days prior to filing bankruptcy pursuant to 11 U.S.C. § 522(b)(2)(A) and 31 O.S.1991 § 1(A)(18).

4. The Trustee timely objected to Debtor's claimed exemption pursuant to Bankruptcy Rule 4003(c).

5. The refund due for the entire 1992 tax year from the IRS is $887.00.

6. The refund due for the entire 1992 tax year from the OTC is $65.00.

## CONCLUSIONS OF LAW

Debtor claimed seventy-five percent (75%) of his 1992 state and federal income tax refunds as exempt from his bankruptcy estate pursuant to Oklahoma's exemption statute, 31 O.S.1991 § 1(A)(18). This section exempts:

> Seventy-five percent (75%) of all current wages or earnings for personal or professional services earned during the last ninety (90) days....

The issue before the Court is whether a tax refund arising from amounts withheld from a debtor's wages in the ninety days preceding bankruptcy should be characterized as wages earned and therefore exempt up to seventy-five percent (75%) as provided in § 1(A)(18) or whether the amounts withheld from the debtor's wages and paid to the government have lost their character as wages and therefore are not exempt.

It is well-settled that income tax refunds are property of the bankruptcy estate that shall be turned over to the Trustee. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *In re Barowsky*, 946 F.2d 1516 (10th Cir.1991).

The issue the Supreme Court decided in *Kokoszka* was whether an income tax refund was property of the bankruptcy estate in light of the twenty-five percent (25%) wage garnishment limitation imposed by the Consumer Credit Protection Act. The Court unanimously held that an income tax refund is " 'sufficiently rooted in the pre-bankruptcy past' " to be deemed property of the bankruptcy estate. *Kokoszka*, 417 U.S. at 648, 94 S.Ct. at 2435, 41 L.Ed.2d at 379 (quoting *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). The Court further held that tax refunds are not earnings which are exempt under the Consumer Protection Act.[1] The Supreme Court adopted the court of appeals ruling that the terms "earnings" and "disposable earnings" do not include a tax re-

fund but are limited to " 'periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.' " 417 U.S. at 651, 94 S.Ct. at 2436, 41 L.Ed.2d at 382 (citation omitted).

The Tenth Circuit in *Barowsky* relied on the Supreme Court's decision in *Kokoszka* to hold that the portion of a debtor's tax refund attributable to pre-petition earnings is property of the estate. Additionally, the Tenth Circuit cited with approval the Supreme Court's statement in *Kokoszka* that a refund " 'is not the weekly or other periodic income required by a wage earner for his basic support ... [and] to deprive him of it will not hinder his ability to make a *fresh* start unhampered by the pressure of pre-existing debt.' " *In re Barowsky*, 946 F.2d at 1517–18 (quoting *Kokoszka*, 417 U.S. at 648, 94 S.Ct. at 2435, 41 L.Ed.2d at 379). The Tenth Circuit went on to state that "the pre-petition portion of the refund essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the excessive withholdings had not been made." 946 F.2d at 1518.

In *In re Linn*, 52 B.R. 63 (Bankr. W.D.Okla.1985), the Bankruptcy Court for the Western District of Oklahoma confronted the issue of whether an income tax refund constitutes earnings which may be claimed as exempt under another section of Oklahoma's exemption statute. Title 31 O.S.1991 § 1.1 allows a hardship exemption for a portion of the debtor's earnings necessary to support his family. The court referred to the statute at issue today and analyzed them together, noting that the terms "earnings" and "wages earned" can be used interchangeably.

The *Linn* court held that a federal income tax refund does not constitute "earnings" within the meaning of Oklahoma's exemption statute. In reaching this conclusion, the court looked at the nature of an income tax refund to determine whether it falls within the scope of "earnings" or

---

**1.** The Act exempts seventy-five percent (75%) of a worker's "disposable earnings" from garnish-

ment.

"wages earned." The court decided that it did not and declared that "at the point of withholding ... the very essence of the monies withheld changes. A metamorphosis occurs wherein what were once wages are now taxes. At this juncture the money belongs to the government." *In re Linn,* 52 B.R. at 65. The court also explained that under the Internal Revenue Code there is no relation between the original withholding from the employee's wages and any refund later received. As the court stated "[i]t is *taxes* not *wages* which are being withheld." *Id.*

The court follows the reasoning of the court in *In re Linn* and holds that state and federal income tax refunds are not exempt as wages earned pursuant to Oklahoma's exemption statute, 31 O.S.1991 § 1(A)(18).[2]

The Court will enter a separate Judgment Order consistent with this Memorandum Opinion.

---

**2.** For other cases holding that tax refunds are not wages *see In re Wallerstedt,* 930 F.2d 630 (8th Cir.1991); *In re Truax,* 104 B.R. 471 (Bankr.M.D.Fla.1989); *In re Verill,* 17 B.R. 652 (Bankr.D.Md.1982).