**In re Darlene Olinda ANNIS, Debtor.**

**Susan J. Manchester, Trustee, Plaintiff–Appellant,**

v.

**Darlene Olinda Annis, Defendant– Appellee.**

**BAP No. WO–98–075**
**Bankruptcy No. 98–11454.**
**Adversary No. 98–1201.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 17, 1999.

Susan Manchester, pro se.

Patrick E. Moore, Oklahoma City, Oklahoma, for Defendant–Appellee.

Before PUSATERI, CLARK, and MATHESON, Bankruptcy Judges.

## OPINION

MATHESON, Chief Judge.

This panel has before it for review the order of the United States Bankruptcy Court for the Western District of Oklahoma determining that certain tax refunds due the debtor could be claimed as exempt earnings pursuant to Okla. Stat. tit. 31, § 1.1. For the reasons set forth below we conclude the decision of the Bankruptcy Court must be reversed.

## JURISDICTION AND STANDARD OF REVIEW

A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have this appeal heard by the District Court for the Western District of Oklahoma, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(d).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; see First Bank v. Reid (In re Reid), 757 F.2d 230, 233–34 (10th Cir.1985). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. Conclusions of law are reviewed de novo. Pierce v. Underwood, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

## BACKGROUND

The Debtor filed her Chapter 7 bankruptcy case in February 1998. She thereafter filed her tax returns for the year 1997, which resulted in a tax refund being due both from the United States and the State of Oklahoma. She then claimed an exemption for the tax refunds pursuant to the hardship exemption under Okla. Stat. tit. 31, § 1.1. The trustee objected to the claimed exemption. The Debtor filed a motion for summary judgment which brought the matter to the bankruptcy court. The bankruptcy court entered its order determining that the refund retained its character as "earnings" and was subject to the Oklahoma exemption. This appeal followed.

## DISCUSSION

The issue before the Court is whether the Debtor's tax refund constitutes "earnings" within the meaning of the Oklahoma statute.

That statute exempts from execution or process "that portion of any earnings from personal services necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor." Okla. Stat. tit. 31, § 1.1.A.

The issue presented to the bankruptcy court had previously been decided by two different bankruptcy court decisions in the state of Oklahoma: *In re Linn*, 52 B.R. 63 (Bankr.W.D.Okla.1985), and *In re Miles*, 153 B.R. 72 (Bankr.N.D.Okla.1993). Those courts had held that earnings become taxes at the moment that they are withheld for the payment of taxes. The money so withheld in effect undergoes a metamorphosis at the instant of withholding.

The bankruptcy court below rejected the reasoning of these cases, accepting the debtor's argument that the monies withheld for taxes and then returned to the taxpayer as a refund never undergo such a change in status. The court stated:

As the defendant accurately states: if the monies withheld were, in fact, taxes then the taxing entity would never have returned them. What were returned to the defendant were her wages, for which no taxes are due. Although the defendant presents no authority to support her contention, her point is logically and persuasively argued.

Thus, the reasoning presented in *In re Linn* and *In re Miles* is rejected. The change in status of the monies collected for the payment of taxes occurs once it is determined what the amount of the tax is and when the taxes are, in fact, paid. Until that point, these monies retain their status as earnings albeit in the possession of the government.

This Court does not agree.

The analysis begins with an examination of cases from two different circuits. From the Ninth Circuit there is the case of *In re Cedor*, 337 F.Supp. 1103 (N.D.Cal.1972). The court in *Cedor* was examining the issues presented here except that the debtor was seeking to exempt a portion of the tax refund as wages pursuant to the exemption provided by the Consumer Credit Protection Act. The court concluded much as the bankruptcy

court did in this case, that the tax refund retained its character as "earnings." Thus the court found that the debtor was entitled to claim the exemption provided under the Consumer Credit Protection Act for earnings. That decision was affirmed (under a different name) by the Ninth Circuit Court of Appeals. *In re James*, 470 F.2d 996 (9th Cir.1972). The Ninth Circuit reaffirmed its acceptance of the *Cedor* holding in *Kingswood v. Michelman (In re Kingswood)*, 470 F.2d 996 (9th Cir.1972).

From the Second Circuit is the case of *In re Kokoszka*, 479 F.2d 990 (2nd Cir.1973). The *Kokoszka* court was dealing with the identical issue as that presented in *Cedor*. The court considered the *Cedor* holding and explicitly rejected it, finding that the tax refunds did not revert to their prior status as "earnings" of the debtor.

The conflict between the circuits was resolved by the United States Supreme Court in *Kokoszka*. There, the Court adopted the reasoning of the Second Circuit Court of Appeals. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The Supreme Court, at the same time, had before it the *Kingswood* matter on certiorari from the Ninth Circuit. The Court reversed and remanded *Kingswood* in light of its holding in *Kokoszka*, thereby rejecting the theory espoused by the district court in *Cedor*. *Michelman v. Kingswood*, 418 U.S. 902, 94 S.Ct. 3191, 41 L.Ed.2d 1150 (1974).

In *Kokoszka*, the Supreme Court, as noted, was considering the effect of the exemption provided by the Consumer Credit Protection Act. That act provides that no more than 25% of a person's aggregate disposable earnings in any work week may be subject to garnishment. 15 U.S.C. § 1671. The act defines "earnings" as follows:

For the purpose of this subchapter:
(a) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

15 U.S.C. §§ 1672(a).

In reaching its conclusion, the Supreme Court relied on the legislative history of the

Consumer Credit Protection Act. The Court found that the legislative history indicated that Congress sought to regulate garnishment "in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Kokoszka,* 417 U.S. at 651, 94 S.Ct. 2431. The Court concluded that the tax refund did not have these attributes and was, therefore, not subject to the exemption provided by that act.

The approach utilized by the United States Supreme Court in *Kokoszka* has been followed by the Tenth Circuit in the case of *Barowsky v. Serelson (In re Barowsky),* 946 F.2d 1516 (10th Cir.1991). The issue in *Barowsky* was whether a pro rata portion of a tax refund should be included as property of a bankruptcy estate. The language used by the court of appeals in its analysis is instructive. There, the court stated:

> The debtors fail to advance a persuasive argument as to why the analysis of *Kokoszka* should not apply to the instant case. The portion of the tax refund attributable to the pre-petition portion of the taxable year "is not the weekly or other periodic income required by a wage earner for his basic support ... [and] to deprive him of it will not hinder his ability to make a *fresh* start unhampered by the pressure of preexisting debt." *Kokoszka,* 417 U.S. at 648, 94 S.Ct. at 2435 (quotation omitted). In these cases, the pre-petition portion of the refund essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the excessive withholdings had not been made.

946 F.2d at 1517–18 (alterations and emphasis in original).

The issue has also been considered, at least by way of dicta, in the case of *Dickerson v. Manchester (In re Dickerson),* 227 B.R. 742 (10th Cir. BAP 1998). In *Dickerson,* the question was whether that portion of a tax refund that was represented by an earned income credit allowed under the tax code (26 U.S.C. § 32) should be characterized as "earnings." The court there held that the earned income credit could not be considered to be "earnings" exempt under the Oklahoma statute. Relying on *Kokoszka,* the court observed that it is "well-established that tax overpayments are not considered 'earnings.'" *Dickerson,* 227 B.R. at 746.

The language of the Oklahoma statute exempting from execution and garnishment "that portion of any earnings from personal services necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor" is very similar to that of the Consumer Credit Protection Act. There is no legislative history to guide the Court concerning the meaning or import of the language in the Oklahoma statute. The bankruptcy court in the *Linn* decision, *supra,* found that the result under the Oklahoma statute had to be the same as that mandated by the Supreme Court in *Kokoszka.* This is the result consistently reached by other courts that have considered this issue under similar circumstances. *Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630 (8th Cir.1991) (tax refunds are not "earnings" within the meaning of the Missouri exemption); *In re Truax,* 104 B.R. 471, 472 (Bankr.M.D.Fla.1989) (tax refunds are not "wages"); *In re Orndoff,* 100 B.R. 516, 519 (Bankr.E.D.Cal.1989); *Lieshout v. Verill (In re Verill),* 17 B.R. 652, 655 (Bankr.D.Md.1982); *In re Koch,* 14 B.R. 64, 65–66 (Bankr.D.Kan.1981). This Court agrees with these authorities and concludes that the Debtor's tax refund in this case is not "earnings from personal services" within the meaning of the Oklahoma statute and the Debtor's claimed exemption must be denied.

It is therefore ORDERED that the judgment of the Bankruptcy Court for the Western District of Oklahoma is reversed and remanded for entry of judgment in accordance with this ruling.