**F I L E D**
United States Court of Appeals
Tenth Circuit

OCT 19 2000

**PATRICK FISHER**
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

IN RE: DARLENE OLINDA ANNIS,

    Debtor.

SUSAN J. MANCHESTER, Trustee,

    Plaintiff-Appellee,

v.

DARLENE O. ANNIS,

    Defendant-Appellant.

No. 99-6116

APPEAL FROM THE UNITED STATES BANKRUPTCY
APPELLATE PANEL OF THE TENTH CIRCUIT
(BAP No. WO-98-075)
(Bankr. No. 98-11454-BH)
(Bankr. Adv. No. 98-1201-BH)

Submitted on the briefs:

Patrick E. Moore, Patrick E. Moore Attorney, P.C., Oklahoma City, OK, Attorney for
Appellant.

Susan Manchester, Taylor & Manchester, Oklahoma City, OK, Attorney for Appellee.

Before **EBEL**, **HOLLOWAY**, and **HENRY**, Circuit Judges.

**HOLLOWAY**, Circuit Judge.

Debtor Darlene Olinda Annis (Debtor) filed a Chapter 7 case and sought to have her (and her deceased husband's) federal and state income tax refunds exempted from her bankruptcy estate pursuant to Okla. Stat. tit. 31, § 1.1. The bankruptcy court held that the refunds were exempt, in part, because they constituted "earnings from personal services" as required by the statute. Trustee Susan Manchester (Trustee) appealed and the Bankruptcy Appellate Panel (BAP) reversed. Debtor timely appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 158(d). For the reasons that follow, we affirm the BAP.[1]

**I**

In February 1998 Debtor filed this Chapter 7 case. See Manchester v. Annis (In re Annis), 229 B.R. 802, 803 (B.A.P. 10th Cir. 1999). Thereafter, Debtor filed her (and her deceased husband's) federal and state tax returns, which resulted in refunds. See id. Debtor then claimed an exemption for the tax refunds under Oklahoma's undue hardship statute, Okla. Stat. tit. 31, § 1.1.[2] See Annis, 229 B.R. at 803. That statute exempts "by

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f). The case is therefore submitted without oral argument.

[2]Okla. Stat. tit. 31, § 1.1. A provides:
    **Earnings from personal services – Exemption from process – Order**
    A. Following the issuance of an execution, attachment, or garnishment, except process to collect a judgment or order for child support or maintenance of children or in cases in which the court has limited or reduced the application of this section pursuant to 142.18 of Title 21 of the Oklahoma Statutes, the debtor may file with the court an application requesting a hearing to exempt from such process by reason of undue hardship that portion of any earnings

2

reason of undue hardship that portion of any earnings from personal service necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor." Okla. Stat. tit. 31, § 1.1.

The Trustee objected, arguing that the refunds did not satisfy the requirements of the statute. See Annis, 229 B.R. at 803. The Debtor filed a motion for summary judgment, which the bankruptcy court granted. See id. The bankruptcy judge first held that the tax refund constituted "earnings from personal service" as required by the statute:

> As the defendant accurately states: if the monies withheld were, in fact, taxes then the taxing entity would never have returned them. What were returned to the defendant were her wages, for which no taxes are due. Although the defendant presents no authority to support her contention, her point is logically and persuasively argued.

Appellant's Appendix at 64-65 (footnote omitted). In reaching that conclusion, the bankruptcy judge distinguished two other bankruptcy court decisions reaching a contrary conclusion:

> The key issue is whether the tax refund constitutes earnings within the meaning of [Okla. Stat. tit. 31, § 1.1].
>
> The plaintiff cites to two bankruptcy decisions dealing with Oklahoma law which would indicate that [the tax refunds] are not [exempt]. In re Linn, 52 B.R. 63 (Bankr. W.D. Okla. 1985); In re Miles, 153 B.R. 72 (Bankr. N.D. Okla 1993). Both of those decisions stated that earnings become taxes at the moment that they are withheld for the payment of taxes.

---

from personal services necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor. A debtor with no family or other dependents may not claim an exemption under this section. . . .

3

These courts indicated that the monies in question undergo a "metamorphosis" at the instant of withholding. . .

. . . .

. . . [T]he reasoning presented in In re Linn and In re Miles is rejected. The change in status of the monies collected for the payment of taxes occurs once it is determined what the amount of the tax is and when the taxes are, in fact, paid. Until that point, these monies retain their status as earnings, albeit in the possession of the government.

Appellant's Appendix at 64-65.

The bankruptcy judge concluded that the hardship exception provided in the Oklahoma statute was applicable here and the refunds were exempt. Summary judgment was granted to the defendant with regard to the remaining tax refund monies except for the earned income credit. Id. at 65-66.

The Trustee timely appealed to the BAP. See Annis, 229 B.R. at 802-804. The BAP reversed. The BAP first noted that the Supreme Court had held that a tax refund did not constitute earnings under a similarly-worded federal exemption statute:

In reaching its conclusion, the Supreme Court relied on the legislative history of the Consumer Credit Protection Act. The Court found that the legislative history indicated that Congress sought to regulate garnishment "in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis.". . . The Court concluded that the tax refund did not have these attributes and was, therefore, not subject to the exemption provided by that act.

Annis, 229 B.R. at 804-05 (citing Kokoszka v. Belford, 417 U.S. 642, 651 (1974)). The BAP then noted that the Tenth Circuit had followed the approach used by the Supreme Court in Kokoszka, see Annis, 229 B.R. at 805 (citing Barowsky v. Sereleson (In re

4

Barowsky), 946 F.2d 1516 (10th Cir. 1991)), and that the Oklahoma bankruptcy courts, as well as several other courts, had relied on the reasoning from Kokoszka to hold that a tax refund did not constitute "earnings" under state law. See Annis, 229 B.R. at 805. This timely appeal ensued.

## II

The BAP's decision rests on its interpretation of a statute. Accordingly, we review the decision de novo. See Anderson v. Unipac-Nebhelp (In re Anderson), 179 F.3d 1253, 1255 (10th Cir. 1999).

When a case has been commenced under the Bankruptcy Code, the estate ordinarily includes all property in which the debtor has a legal or equitable interest. 11 U.S.C. § 541(a). Section 522 of the Bankruptcy Code, however, allows a debtor to exempt certain property from the estate. That section also allows a state to opt out of the federal exemptions and limit its residents to those exemptions provided under state law. See 11 U.S.C. § 522(b)(1) ("Such property is . . . property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize.").

Oklahoma has opted out of the federal exemptions and instead has limited its exemptions to those provided under Okla. Stat. tit. 31 and other provisions of state law. See Okla. Stat. tit. 31, §1(B) ("No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in

5

subsection (d) of Section 522 of the Bankruptcy Reform Act of 1978, Public Law 95-598, 11 U.S.C.A. 101 et seq., except as may otherwise be expressly permitted under this title or other statutes of this state."); see also Linn, 52 B.R. at 64 (noting that Oklahoma has "opted out" of the federal exemptions). Accordingly, we must decide whether state law, as opposed to federal law, allows an exemption for state and federal income tax refunds.

**III**

As noted above, Okla. Stat. tit. 31, § 1.1 exempts "that portion of any earnings from personal service necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor." The Debtor's argument (and the bankruptcy court's holding) that this provision embraces tax refunds has a somewhat logical appeal. See, e.g., Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir. 1991) ("On this issue, the district court held that earnings do not los[e] their character as such because they have been withheld by the taxing authorities and then returned. At the outset, we are inclined to agree. The practical reality to the taxpayers, who have had more of their earnings withheld than necessary to satisfy their tax liabilities, is simply a return of that excess to them.") (citation, alteration, and internal quotation marks omitted)[3]; see also Ragan v. Commissioner, 135 F.3d 329, 333 (5th Cir. 1998) (noting

---

[3] The Eighth Circuit, in the end, however, held that a tax refund did not constitute "earnings." See Wallerstedt, 930 F.2d at 632-33.

6

that "a refund of excess withholding tax [is] merely . . . a repayment of earnings from employment") (citation and internal quotation marks omitted), rev'd in part on other grounds, 210 F.3d 514 (5th Cir. 2000).

That argument asserts that: (1) the money at issue here was undeniably "earnings from personal service" when paid by the employer as wages; (2) unlike most wages which go directly to the employee, the money at issue was withheld by the government to satisfy any year-end tax liability; (3) when the year ended, the withholdings exceeded the employee's tax liability; (4) therefore the government returned the excess withholdings. According to the Debtor (and the bankruptcy court) at no time was the returned money itself a tax (as noted above, the withholding exceeded tax liability). The money instead at all times remained the employee's wages, albeit wages held by the government for the employee. In the circumstances, the money constitutes earnings under Okla. Stat. tit. 31, § 1.1.

The logical appeal of the argument, however, rests on the assumption that the withholding is not itself a "tax" and, therefore, the money never changed its form and remained, at all times, wages of the employee. That assumption is inconsistent with the wording of the Internal Revenue Code and Oklahoma's revenue statute. Specifically, the Internal Revenue Code deems the money withheld from an employee's wages to constitute a "tax": "Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in

7

accordance with tables or computational procedures prescribed by the Secretary." 26

U.S.C. § 3402(a)(1) (emphasis added). The withholding "tax" is then credited against any

"tax liability" imposed under the Code: "The amount <u>withheld as tax</u> under chapter 24

shall be allowed to the recipient of the income as a credit against the tax imposed by this

subtitle." 26 U.S.C. § 31 (emphasis added). If the withholding "tax" exceeds "tax

liability" under the Code, then the Commissioner refunds the difference. <u>See</u> 26 U.S.C. §

6402. Oklahoma's statutory scheme contains similar provisions.[4]

As is apparent, then, the initial withholding itself constitutes a "tax," with the

refund constituting the return of an assessed tax. In the circumstances, the Debtor and the

bankruptcy court were wrong to assert that the money never changed form but, instead, at

all times remained wages of the employee (albeit, wages held for the employee by the

government). Instead, once the wages were withheld as a "tax," they lost their character

as "wages." <u>Cf.</u> <u>Linn</u>, 52 B.R. at 65 ("A metamorphosis occurs wherein what were once

wages are now taxes. . . . It is <u>taxes</u>, not <u>wages</u>, which are being withheld.") (emphasis in

original); <u>see also</u> <u>Miles</u>, 153 B.R. at 73-74 (following <u>Linn</u>); <u>In re Lancaster</u>, 161 B.R.

---

[4]See Okla. Stat. tit. 68, § 2385.2 ("Every employer making payment of wages shall deduct and withhold from the wages paid each employee <u>a tax</u> in an amount determined in accordance with a table fixing graduated rates of tax to be withheld. . . .") (emphasis added); <u>id.</u> at § 2385.5 ("The amount deducted and withheld <u>as a tax</u> under section 2385.2 of this title during a calendar year shall be allowed as a credit to the recipient of the income as income tax paid.") (emphasis added); <u>id.</u> at § 2385.17 ("Any amount withheld or paid by estimate in excess of the amount due shown by a return filed by any employee shall be refunded to said employee.").

308, 309 (Bankr. S.D. Fla. 1993) ("The mere fact that a debtor's taxes are paid from his wages does not mean that the monies which may be due as a refund retain their identification as wages.").

Okla. Stat. tit. 31, § 1.1, however, does not apply to "wages," but to any "earnings from personal services." The Debtor therefore suggests that the term broadly includes assets, such as a tax refund, which are derived from wages, even if the assets are not themselves wages. The Debtor's suggestion, however, appears to stretch the meaning of "earnings from personal services" beyond the ordinary, common, and contemporary meaning of that phrase. See State Bank of S. Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1077 (10th Cir. 1996) ("Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning.") (citation and internal quotation marks omitted). Under that definition, a person who used their wages to purchase a home could assert that the house constitutes "earnings from personal services," or a person who invests their wages in the stock market could argue that the stock purchased constitutes "earnings from personal services." In either circumstance, the property derived from the employee's wages would constitute "earnings from personal services" under the Debtor's theory. Such a broad exemption, however, would swallow the rule: almost everything the debtor owned would be exempt from the bankruptcy estate because it is derived from a person's wages.

Indeed the Supreme Court has rejected such a broad interpretation of the term "earnings" and "disposable earnings." In <u>Kokoszka</u> the Court said that the legislative history fully supported the view that the terms "earnings" and "disposable earnings," as used in 15 U.S.C. §§ 1672 and 1673, "did not include a tax refund, but were limited to 'periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.'" <u>Kokoszka</u>, 417 U.S. at 651; <u>cf.</u> <u>Lieshout v. Verill (In re Verill)</u>, 17 B.R. 652, 655 (Bankr. D. Md. 1982) ("Income tax withholdings are simply not wages within the meaning of the statute, but a debt due the Bankrupt that is related to the amount of wages earned.").

The BAP noted that there is no legislative history to guide the court concerning the meaning of the pertinent language in Okla. Stat. tit. 31, § 1.1. <u>See</u> <u>Annis</u>, 229 B.R. at 805 ("There is no legislative history to guide the Court concerning the meaning or import of the language in the Oklahoma statute."). We therefore follow the reasoning from <u>Kokoszka</u> and hold that withholdings are not themselves "earnings from personal services," for purposes of the Oklahoma statute. We note that our holding today – that a tax refund does not constitute such "earnings from personal services" – is consistent with holdings from other courts that have considered similar questions. <u>See</u> <u>Wallerstedt</u>, 930 F.2d at 632-33; <u>Lancaster</u>, 161 B.R. at 309; <u>Miles</u>, 153 B.R. at 73-74; <u>In re Truax</u>, 104 B.R. 471, 472 (Bankr. M.D. Fla. 1989); <u>In re Orndoff</u>, 100 B.R. 516, 519 (Bankr. E.D.

10

Cal. 1989); <u>Linn</u>, 52 B.R. at 65; <u>In re Verill</u>, 17 B.R. at 655.[5]  We agree with this well

established body of law and affirm the BAP.

        **AFFIRMED**.

---

[5]In <u>Barowsky v. Serelson (In re Barowsky)</u>, 946 F.2d 1516 (10th Cir. 1991), this court decided the question whether the pre-petition portion of a debtor's tax refund is property of the bankruptcy estate when the relevant tax year did not end until after the bankruptcy petition was filed.  We held that it is property of the estate.  We did not there decide, however, a further question like the one involved here – whether such a refund is exempt under a statutory exemption like Oklahoma's for earnings from personal services.

No. 99-6116, *In Re: Darlene Olinda Annis*

**HENRY**, Circuit Judge, concurring.

I agree with the majority's well-reasoned opinion. The law compels this result.

But I also agree with the opinion's conclusion that the bankruptcy court's holding has a "logical appeal." As the Eighth Circuit concluded in an analogous case, "The practical reality to the taxpayers, who have had more of their earnings withheld than necessary to satisfy their tax liabilities, is simply a return of that excess to them." Wallerstedt v. Sosne, 930 F.2d 630, 631 (8th Cir. 1991). It seems odd that the return of a taxpayer's money, to which the government is not entitled, is a "tax."

I concur separately only to call this to the attention of the policy makers in Oklahoma. If they are dissatisfied with this result, they should evaluate whether Oklahoma law can be changed to make these returned withholdings available for the undue hardship exemption. It may be that the description of these withholdings as a "tax" by the Internal Revenue Code is not necessarily dispositive, and the state may be able to exempt these earnings.