HENRY, Circuit Judge,
concurring.
I agree with the majority’s well-reasoned opinion. The law compels this result.
But I also agree with the opinion’s conclusion that the bankruptcy court’s holding has a “logical appeal.” As the Eighth Circuit concluded in an analogous case, “The practical reality to the taxpayers, who have had more of their earnings with *754 held than necessary to satisfy their tax liabilities, is simply a return of that excess to them.” Wallerstedt v. Sosne, 930 F.2d 630, 631 (8th Cir.1991). It seems odd that the return of a taxpayer’s money, to which the government is not entitled, is a “tax.”
I concur separately only to call this to the attention of the policy makers in Oklahoma. If they are dissatisfied with this result, they should evaluate whether Oklahoma law can be changed to make these returned withholdings available for the undue hardship exemption. It may be that the description of these withholdings as a “tax” by the Internal Revenue Code is not necessarily dispositive, and the state may be able to exempt these earnings.