**In re Scott David RANGEL and Jeraldine Martinez Rangel, Debtors.**

**No. 03–24928.**

United States Bankruptcy Court, D. Kansas.

Nov. 23, 2004.

Richard C. Wallace, Scott David Rangel, Evans and Mullinix, P.A., Shawnee, KS, for Debtors.

## MEMORANDUM OPINION AND ORDER[1]

ROBERT D. BERGER, Bankruptcy Judge.

This matter is before the Court on the Trustee's Objection to Exemptions (Doc. No. 16). The debtors seek to exempt 75 percent of their 2003 income tax refund pursuant to K.S.A. § 60–2310. The trustee objects to the claimed exemption. This matter constitutes a core proceeding[2] over which this Court has jurisdiction.[3] The Court, having reviewed the relevant issues and law, concludes that the debtors may not exempt any portion of their income tax refund pursuant to K.S.A. § 60–2310. Accordingly, the Trustee's Objection to Exemptions is sustained.

### Background

The debtors filed their petition for Chapter 7 relief on November 19, 2003. On March 19, 2004, they amended their Schedule C to include a claimed exemption in their 2003 income tax refunds (the "Exemption") pursuant to K.S.A. § 60–2310. The trustee filed his objection to the Exemption on March 23, 2004. The parties agreed to submit the matter on briefs for the Court's consideration.

### Discussion

■ The parties do not dispute that the debtors' 2003 income tax refunds are part of the debtors' bankruptcy estate. Therefore, the sole issue for consideration is whether the debtors may claim any portion of their 2003 income tax refunds exempt under K.S.A. § 60–2310.

Under § 522(b)(2),[4] a debtor may exempt any property which is exempt under

---

1. Scott and Jeraldine Rangel are represented by Richard C. Wallace. The Chapter 7 trustee, David C. Seitter, is represented by Eric L. Johnson.

2. 28 U.S.C. § 157(b)(2)(B).

3. 28 U.S.C. § 1334.

4. All references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101, *et seq.*, unless otherwise noted.

federal non-bankruptcy law or, alternatively, under the laws of the state of the debtor's domicile. However, K.S.A. § 60–2312 prohibits Kansas citizens from electing to use federal bankruptcy exemptions, with the exception of those delineated in § 522(d)(10).[5] Therefore, to determine the validity of a claimed exemption under K.S.A. § 60–2310, this Court need only look to applicable Kansas law.[6]

Under K.S.A. § 60–2310, a debtor is entitled to exempt 75 percent of his "earnings" from his bankruptcy estate.[7] For the purposes of K.S.A. § 60–2310, "earnings" is defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise."[8] The debtors rest their argument on the proposition that income tax refunds are either wages or directly traceable to wages.

The Tenth Circuit, however, in *In re Annis*,[9] has considered and rejected the argument that income tax withholding "is not itself a tax and, therefore, the money never changed its form and remained, at all times, wages of the employee."[10] Specifically, the Tenth Circuit held that "the initial [income tax] withholding itself constitutes a 'tax,' with the refund constituting the return of an assessed tax."[11] Accordingly, the debtors' income tax refunds are not a form of "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise," but are the return of an assessed tax and therefore not an exempt asset.

■ The debtors' argument that the income tax refunds are directly traceable to wages, and therefore exempt pursuant to K.S.A. § 60–2310, does not change this Court's analysis. In order to be considered "compensation paid or payable for personal services" within the context of K.S.A. § 60–2310, there must be a direct link between the compensation and the personal services.[12] This determination is reinforced by the Supreme Court's rejection of a broader interpretation of "earnings" in a statute with wording similar to K.S.A. § 60–2310, and its adoption of the conclusion that "earnings" are limited to "periodic payments of compensation."[13]

---

**5.** K.S.A. § 60–2312(a) and (b).

**6.** *See In re Urban*, 262 B.R. 865, 867 (Bankr. D.Kan.2001).

**7.** K.S.A. § 60–2310 provides in relevant part:

Subject to the provisions of subsection (e), only the aggregate disposable earnings of an individual may be subjected to wage garnishment. The maximum part of such earnings of any wage earning individual which may be subjected to wage garnishment for any workweek or multiple thereof may not exceed the lesser of: (1) Twenty-five percent of the individual's aggregate disposable earnings for that workweek or multiple thereof; (2) the amount by which the individual's aggregate disposable earnings for that workweek ·or multiple thereof exceed an amount equal to 30 times the federal minimum hourly wage, or equivalent multiple thereof for such longer period. . . .

**8.** K.S.A. § 60–2310(a)(1).

**9.** 232 F.3d 749 (10th Cir.2000).

**10.** 232 F.3d at 752.

**11.** *Id.*

**12.** *In re Carbaugh*, 278 B.R. 512, 524 (10th Cir. BAP 2002) (citing *Coward v. Smith*, 6 Kan.App.2d 863, 636 P.2d 793, 796 (1981)).

**13.** *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (considering whether the Consumer Credit Protection Act's limitation on wage garnishment serves to exempt 75% of an income tax refund); *see also Annis*, 232 F.3d at 753 (concluding that a tax refund does not constitute "earnings from personal services" for the purposes of an Oklahoma statute exempting "by reason of undue hardship that portion of any earnings

In the present case, the debtors' income tax refunds were not in the form of periodic payments of compensation. Although derived from compensation for personal services, the debtors' income tax withholdings ultimately became a "tax," thereby severing the direct link between the compensation and the personal services. To find an income tax refund exempt because it is directly traceable to "compensation paid or payable for personal services" would potentially expand the protections offered by K.S.A. § 60–2310 to include virtually every asset owned by a debtor and funded by his or her wages, an absurd result clearly beyond the scope of the statute.[14]

While this Court identifies and agrees with Judge Henry's concurring opinion in *In re Annis*, where he observed the oddity of calling the return of a taxpayer's money, to which the government is not entitled, a "tax,"[15] it is left to Kansas policy makers to evaluate whether the law can and should be changed to exempt returned withholdings.

### Conclusion

For the reasons set forth above, the Court concludes that the debtors may not exempt their 2003 income tax refunds pursuant to K.S.A. § 60–2310. The Trustee's Objection to Exemptions is sustained.

---

from personal service necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor").

**14.** *See Carbaugh*, 278 B.R. at 524 ("To hold otherwise would be to protect virtually every asset a debtor funded with wages.").

**15.** *Annis*, 232 F.3d at 754 (concurring, J. Henry) ("It seems odd that the return of a taxpayer's money, to which the government is not entitled, is a 'tax.' ").