UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert K. MICHAELS and Margaret P.
Michaels, Defendants–Appellants.

No. 87–8566

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 25, 1988.

C. Lee Daniel, III, Dalton, Ga., for defendants-appellants.

Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Michael C. Durney, Wynette Hewett, Patricia Bowman, Washington, D.C., for plaintiff-appellee.

Before RONEY, Chief Judge,
HATCHETT and ANDERSON, Circuit
Judges.

PER CURIAM:

The Internal Revenue Service obtained a summary judgment for funds held by the district court to have been erroneously paid to defendants. We affirm on the ground that tax refunds were paid by the Government to the taxpayers at a time when they were legally payable to the taxpayers' bankruptcy trustees.

On July 11, 1980, an involuntary petition for bankruptcy was filed under Chapter 7 of the Bankruptcy Code against taxpayer Robert Michaels. Defendant Robert Michaels was denied a discharge as he was found to have fraudulently transferred assets of the estate, made false oaths on accounts with respect to his bankruptcy proceedings, and failed to satisfactorily explain the loss of certain assets. The other taxpayer defendant, Margaret Michaels, Robert Michaels' wife, however, obtained a discharge on a voluntary petition for bankruptcy filed on November 17, 1981.

In March 1982, while Robert's bankruptcy proceeding was pending, but after Margaret's discharge, the defendants filed amended individual joint income tax returns seeking refunds for the taxable years 1977 and 1978 based on carrybacks of net operating losses from 1980 to 1977, and a credit from 1979 to 1978. In June 1983, the IRS issued refunds of $42,393.28 and $7,192.69 to the defendants, jointly, for the years 1977 and 1978, respectively.

The IRS sought recovery of these refunds under 26 U.S.C.A. § 7405 claiming that they were erroneously paid to defendants. Section 7405 of the Internal Revenue Code provides that a refund erroneously made may be recovered by civil action brought in the name of the United States.

It is undisputed that the taxable years for which taxpayers sought the refunds were prior to the dates on which the petitions in bankruptcy were filed. Tax refunds based upon earnings or losses prior to the date of a bankruptcy petition are considered the property of the bankruptcy

estate. *See Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (holding that an income tax refund is "property" that passes to the trustee). Therefore, the IRS erred in issuing the refunds directly to the defendants as the Bankruptcy Code requires that such refunds be turned over to the trustee in bankruptcy. 11 U.S.C.A. § 542(a); *see U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Since Robert Michaels' bankruptcy proceeding is still pending, defendants do not argue with the above principle as it may apply to Robert Michaels' interest in the refunds. They do argue, however, that his trustee would not be entitled to Margaret Michaels' interest in the refunds, and that since her proceeding has terminated, there is no trustee to receive her share. The argument is based on the premise that an allocation had to be made between the two taxpayers and that summary judgment was improper since it is impossible to ascertain the proper allocation of the refunds as between the defendants on this record.

The district court, however, properly concluded that this argument overlooks two points. First, even though her bankruptcy proceeding had been terminated, Margaret Michaels was not herself entitled to any portion of this refund, even if her bankruptcy estate would have to be reopened. Therefore any tax refunds made to her were paid in error and the IRS is entitled to recoup that amount under 26 U.S.C.A. § 7405. Second, this litigation is over whether the refunds were erroneous, and does not involve the precise issue as to whom the refunds were payable. Therefore, the proper allocation of the refunds between the bankruptcy estates of Margaret and Robert Michaels is not before this Court, and need not be considered at this time. Because the IRS erred in paying the $49,585.97 in tax refunds to defendants, the district court judgment entitling the IRS to recoup this amount is due to be affirmed.

AFFIRMED.