In re Chester Ernest LANCASTER and Kathlyn G. Lancaster, Debtors.

Bankruptcy No. 92–31903–BKC–RAM.

United States Bankruptcy Court, S.D. Florida.

Nov. 17, 1993.

Kevin C. Gleason, Kinsey & Gleason, P.A., Boca Raton, FL, for debtors.

Leslie Osborne, Furr & Cohen, P.A., Boca Raton, FL, for Trustee, Robert Furr.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

ROBERT A. MARK, Bankruptcy Judge.

This matter came before the Court for hearing on August 17, 1993, on the Chapter 7 Trustee's, Robert C. Furr (the "Trustee"), Objection to Exemptions and for rehearing of the Trustee's Motion for Turnover of Property. At issue is whether a tax refund may be claimed as exempt under Florida's exemption for wages. Having considered the Trustee's objection and motion, the argument of counsel, the submitted memorandum of law and for the reasons set forth below, the Court sustains the Trustee's objection and grants the Trustee's Motion for Turnover.

The Debtors, Chester and Kathlyn Lancaster (the "Debtors"), filed a joint voluntary petition under chapter 7 of title 11, United States Code, on June 4, 1992. Included among the listed assets of the Debtors was a tax refund due for the year 1991 in the amount of $11,663.00. The Trustee moved for and obtained an order requiring turnover of the tax refund. The Debtors moved for rehearing and amended their exemptions to include the tax refund. The Trustee then objected to the claimed exemption.

## DISCUSSION

■ It is well established that tax refunds are property of the estate. See Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); United States v. Michaels, 840 F.2d 901 (11th Cir.1988); In re Selner, 18 B.R. 420 (Bankr.S.D.Fla.1982). The issue is whether the tax refund may be claimed as exempt under Section 522 of the Bankruptcy Code. Because Florida has "opted out" of the federal exemptions in Section 522(d), the analysis turns on the application of Florida's statutory exemptions.

The Debtors assert that the tax refund should be exempt from attachment, garnishment or process pursuant to Florida Statute Section 222.11 because the tax refund can be traced and properly identified as wages.

Section 222.11 provides in pertinent part:

No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the

payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.... This exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages.

The Debtors reason that the funds held by the IRS are similar to money placed in a bank account. If funds are held on account of an individual and can be traced to wages, the Debtors argue, the funds are exempt under Section 222.11.

Reported decisions on this issue are sparse. In *Matter of Truax,* 104 B.R. 471 (Bankr.M.D.Fla.1989), the debtor also claimed that his tax refund was exempt under Section 222.11. Bankruptcy Judge Baynes ruled, without lengthy analysis, that tax refunds were not wages and were not exempt. This Court agrees with Judge Baynes and finds that tax refunds are not exempt under Florida law.

■ For the wage exemption to apply to wages already paid, the funds must (1) be deposited in a bank account; and (2) traced and properly identified as wages. *In re McCafferty,* 81 B.R. 99 (Bankr.M.D.Fla. 1987). Tax refunds fail to satisfy either of these necessary elements.

■ First, once the debtors' wages are withheld and paid to the Internal Revenue Service, the monies are no. longer properly identifiable as wages. United States District Judge Zloch, in an unpublished opinion in *Kramer v. Gennett,* Case No. 89–8551 (S.D.Fla.1991), considered a similar argument that money placed in an attorney's trust account traceable to wages was exempt under Section 222.11. The district court agreed with the bankruptcy court that the exemption only applied to prepaid wages which are both deposited in a bank account and are traceable. The district court also stated that it believed a situation could arise where funds were deposited in some other type of segregated account such as an employer-maintained bank account or in trust for the employee. The district court went on to state that the funds had to be segregated in a manner by which the debtor could access them.

The mere fact that a debtor's taxes are paid from his wages does not mean that the monies which may be due as a refund retain their identification as wages. The monies are not held in a segregated account for the taxpayer nor are they accessible by the taxpayer until actually refunded.

Second, the statute is clear on its face. The exemption only applies to bank accounts, not to monies otherwise traceable to wages. Statute 222.11 must be construed as written and cannot be extended by judicially legislating an additional category of exempt funds. *See In re Furguson,* 134 B.R. 689 (Bankr. S.D.Fla.1991) (citing United States Supreme Court bankruptcy decisions relying upon the plain meaning of a statute including *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); and *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)). *See also, INS v. Cardoza–Fonseca,* 480 U.S. 421, 452–453, 107 S.Ct. 1207, 1224, 94 L.Ed.2d 434, 461 (1987) (Scalia J., concurring) ("Judges interpret laws rather than reconstruct legislators' intentions. Where the language of those laws is clear, we are not free to replace it with an unenacted legislative intent.").

The Florida Supreme Court has also employed the "plain meaning" doctrine in interpreting Florida's exemption statutes. *In re McCollam,* 612 So.2d 572 (Fla.1993). In that case, in interpreting the annuity exemption, the Court rejected any inquiry into legislative history stating that "legislative history is irrelevant where the wording of a statute is clear." *Id.* at 579. Although application of the doctrine in *McCollam* resulted in a broad interpretation of the statute, the message from the highest courts of Florida and the United States is clear—statutes mean what they say, not what litigants and judges believe they were intended to mean. If Florida's wage exemption should be extended to other types of accounts and monies, the legislature, not the courts, must effect the change.

In sum, tax refunds are not identifiable as wages and not held in "bank accounts" prior to their payment to a taxpayer. As such, the refunds are not exempt. Accordingly, it is—

ORDERED AND ADJUDGED that

1. The Trustee's Objection to Exemptions is sustained.

2. The Trustee's Motion for Turnover of Property is granted.

3. The Debtors' shall turn over to the Trustee the tax refund of $11,663.00.