**In re Dwayne Paul MOODY and Joella D. Moody, Debtors.**

**Bankruptcy No. 99–00379–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 9, 1999.

Aaron Cohen, Jacksonville, FL, Chapter 7 Trustee.

Richard Colegrove, Jacksonville, FL, for Debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Chief Judge.

This case came before the Court upon Trustee's Objection to Debtors' Claim of Exemptions and Trustee's Motion for Turnover of Property. After hearings on June 30, 1999 and July 20, 1999, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Dwayne and Joella Moody ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 19, 1999. (Doc. 1.)

2. On their bankruptcy schedules Debtors valued their household goods and furnishings, jewelry, clothing, sports equipment, and books, pictures, and art objects at $500.00 and claimed all of it as exempt property.

3. The only property listed on Debtors' Statement of Financial Affairs as property held for another person was a 1995 Ford Escort held for their daughter, Carla Hall.

4. Aaron R. Cohen ("Trustee") was appointed trustee in the case. (Doc. 4.)

5. On March 19, 1999 Trustee filed a Motion for Turnover of Property seeking the turnover of post-petition rents on a townhouse in Stirling Virginia owned by Debtors, turnover of Debtors' 1998 federal income tax refund, and turnover of any equity in Debtors' automobiles and boat. (Doc. 11.)

6. On March 19, 1999 Trustee also filed an Objection to Debtors' Claim of Exemptions contending that the values Debtors placed upon their personal property were too low and that Debtors were attempting to claim property exempt in excess of the $1,000.00 that each is permitted by Article 10 § 4 of the Florida Constitution. (Doc. 12.)

7. Trustee employed Cliff Shuler ("Appraiser") who conducted an appraisal of Debtors' personal property. (Trustee's Ex. 5.)

8. Appraiser valued Debtors' household goods and furnishings, wearing apparel, and furs and jewelry at $4,352.00 and testified that he would be willing to purchase the property for that amount.[1] (Trustee's Ex. 5.)

9. Debtor wife and her mother, Janet Thomas ("Mother") testified that the following property belongs to Mother;

In the living room: a cedar chest and ten compact discs

In the fourth bedroom: a round table and a coffee table

In the serving room: a bookcase, three storage cabinets, a table, and a cutting table

In the master bedroom: a five drawer chest and a rocker

10. After filing their petition Debtors received a 1998 federal income tax refund. (Trustee's Ex. 7.) Debtors have possession of the refund.

11. Debtors collected approximately $3,000.00 in post-petition rents on a townhouse they own in Stirling, Virginia.

12. On July 2, 1999 the Court entered Order Granting Relief from the Automatic Stay to Charter One Mortgage, mortgagee on the townhouse. (Doc. 37.)

13. Debtor wife testified that Debtors have not turned the rents over to Trustee because Debtors believed the rents belong to Charter One.

---

1. Although Trustee's Appraisal also includes Debtors' automobiles and boat, there is no equity in them. The $4,352.00 equity to which Trustee refers is in the household goods and furnishings, wearing apparel, and furs and jewelry, the same property Debtors valued at $500.00. The Court will use the term personal property to refer to the household goods and furnishings, wearing apparel, and furs and jewelry.

## CONCLUSIONS OF LAW

 Upon commencement of a case under the Bankruptcy Code, an estate is comprised of all property in which a debtor has a legal or equitable interest as of the petition date. 11 U.S.C. § 541(a) (West 1999). Section 522 of the Bankruptcy Code permits a debtor to claim certain property as exempt from the bankruptcy estate. 11 U.S.C. § 522 (West 1999). Section 522 also permits a state to opt out of the federal exemptions and limit its residents to those provided under state law. *Id.* Florida has exercised this option. FLA. STAT.ANN. § 222.20 (West 1998). Pursuant to Florida law, Debtors are entitled to an exemption of $1,000.00 each for personal property. FLA. CONST. art. 10, § 4.

## TRUSTEE'S OBJECTION TO EXEMPTIONS

 The party objecting to exemptions must make a prima facie showing that the debtor is not entitled to the claimed exemptions Upon such a showing, the burden shifts to the debtor to prove that the exemptions are legally valid. *In re Allen,* 203 B.R. 786, 791 (Bankr. M.D.Fla.1996) (citing *In re Rightmyer,* 156 B.R. 690, 692 (Bankr.M.D.Fla.1993)). Trustee seeks turnover of the nonexempt portion of Debtors' personal property. Trustee contends that Debtors' ownership of a house valued at $160,000.00 with monthly income of approximately $6,000.00 is inconsistent with Debtors having personal property valued at less than $2,000.00. Trustee points out that Debtors' assertion that some of the property belonged to Mother was in response to Trustee's appraisal which resulted in a de-

termination that there is $4,352.00 in equity in Debtors' personal property. Additionally, Trustee points out that Debtors have not amended their schedules or Statement of Affairs to reflect that the property is owned by anyone other than Debtors. Finally, Trustee indicates that Appraiser is willing to purchase the assets of the estate at the prices at which he valued the property.

 As to the property that Debtors contend is owned by Mother, the Court finds the testimony of Debtor wife and Mother credible and holds that the property is owned by Mother.[2] Accordingly, the property is not property of the estate and will not be subject to turnover to Trustee. With respect to the values of the remaining personal property, Debtors' only evidence is the testimony of Debtor wife. The Court does not find such testimony convincing. Rather, the Court is persuaded by Trustee's appraisal and by Appraiser's testimony that he is willing to purchase the assets of the estate at the prices at which he valued them. Accordingly, the Court adopts the values offered by Trustee and will sustain Trustee's Objection to Debtors' Claim of Exemptions as to the remaining property.

## FEDERAL INCOME TAX REFUND

 Trustee also seeks turnover of Debtors' 1998 federal income tax refund. Trustee points out that Debtors did not claim the refund as exempt property.[3] If an income tax refund is received after a bankruptcy petition is filed, the portion of the refund attributable to pre-petition withholding is property of a debtor's es-

---

**2.** In the living room: a cedar chest and ten compact discs

In the fourth bedroom: a round table and a coffee table

In the serving room: a bookcase, three storage cabinets, a table, and a cutting table

In the master bedroom: a five drawer chest and a rocker

**3.** Debtors' Counsel failed to submit Findings of Fact and Conclusions of Law to the Court.

Consequently, the Court is unaware of the reason, if any, for Debtors' failure to turn the refund over to the Trustee. At the hearing on June 30, 1999 Debtors' counsel attempted to elicit testimony from Debtors that the refund was a refund of withheld wages. However, a tax refund of withheld wages is not exempt pursuant to § 222.11, Florida's wage exemption statute. *In re Lancaster,* 161 B.R. 308, 309 (Bankr.M.D.Fla.1993).

tate. *In re Dussing,* 205 B.R. 332, 333 (Bankr.M.D.Fla.1996). *See also United States v. Michaels,* 840 F.2d 901, 901–902 (11th Cir.1988) (citing *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)). "Tax refunds based upon earnings or losses prior to a bankruptcy petition are considered property of the bankruptcy estate." Debtors filed their bankruptcy petition on January 19, 1999 and subsequently received their 1998 federal income tax refund. The refund was based upon wages earned prior to the filing of the petition. Consequently, the entire 1998 federal tax refund is property of Debtors' estate and is subject to turnover to Trustee.

## POST–PETITION RENTAL INCOME

Finally, Trustee seeks turnover of post-petition rental income as well as any accrued interest thereon from a townhouse in Stirling, Virginia owned by Debtors. Trustee points out that Debtors' only justification for their failure to turn over the rental income is that the automatic stay has been lifted and the property will be foreclosed. Debtor wife testified that the rental income has been set aside in a bank account in Virginia, and that she believes it should be paid to Charter One, the mortgagee.

 Rents from property of the estate are themselves property of the estate. 11 U.S.C. § 541(a)(6) (West 1999); *In re Vienna Park Properties,* 976 F.2d 106, 111 (2d Cir.1992). The townhouse is property of the estate. Therefore, the rental income is property of the estate. Trustee's contention that the lifting of the stay has no effect on whether or not Debtors are entitled to keep the post-petition rental income is correct. As Charter One has not claimed an interest in the rental income, the only issue before the Court is whether the rents are subject to turnover to Trustee. Based on the foregoing, the Court concludes that they are and will grant Trustee's Motion for Turnover of post-petition rents.

## *CONCLUSION*

The Court will sustain Trustee's Objection to Debtors' Claim of Exemptions. The Court will grant Trustee's Motion for Turnover of Debtors' personal property exceeding the $1,000.00 exemption to which each is entitled, Debtors' 1998 federal income tax refund, and post-petition rents on Debtors' townhouse in Stirling, Virginia along with interest accrued thereon. The property owned by Mother is not property of the estate and is not subject to turnover.