## In re SANDERSON, Thomas Jeffrey, and Sanderson, Rose Mary, Debtors.

No. 02–4735–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

July 8, 2002.

Jeffrey W. Leasure, Leasure & Heidkamp, P.A., Fort Myers, FL, for debtors.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

On March 13, 2002, Thomas Jeffrey and Rose Mary Sanderson (Debtors) filed their voluntary Petition for Relief, under Chapter 7 of the Bankruptcy Code. The Petition was accompanied by all documents required pursuant to Federal Rule of Bankruptcy Procedure 1007, including Schedule C, in which the Debtors claim two income tax refund claims, one in the amount of $2,506 and the other in the amount of $3,443. Both claims of exemption are based on *Florida Statute* § 222.25.

In due course, Diane Jensen was appointed the Chapter 7 Trustee. She is in charge of the administration of the estate of the Debtors. On April 22, 2002, the Trustee filed Trustee's Objection to Claim of Exemption regarding the Debtors' personal property. In the Objection, she contends that the values of the properties claimed are in excess of the maximum claimable pursuant to Art. X, Sec. 4 of the Florida Constitution, which limits the maximum to $1,000. She also objects to the Debtors' exemption claim of the two income tax refunds. This Objection is based on the contention of the Trustee that no portion of the tax refund claim represents an earned income tax credit and the tax return claimed is not within the exemption provided for by *Florida Statute* § 222.25. The Debtors filed a Response to the Trustee's Objection. In the Response, the Debtors set forth an admission and some general denials without stating any specifics.

Both parties agreed that there are no disputed facts and the narrow issue, i.e., the Debtors' right to claim the tax refunds as exempt, could be determined by this Court as a matter of law. Also, the parties agreed that the claim of exemption could be resolved after the personal properties have been appraised.

### Claim of Exemption of the Two Tax Refunds

The Debtors' right to exempt properties from the administration by the Trustee is

governed in States which opted out of the Federal exemptions pursuant to 11 U.S.C. § 522(b)(1), by the laws of the State of a debtor's residence. Prior to June 1, 2001, refunds were claimed as exempt under *Florida Statute* § 222.11, on the theory that the claim for tax refunds were in fact wages, which are exempt under this section as earned but not received by head of the household from claims of creditors. In interpreting this Statute, courts uniformly held that tax refund claims were not wages but a chose of action, and the fact that the refund claim was based on excessive withholding from the wages of the debtor during the tax year in question was of no significance. Courts had no difficulty in arriving at this conclusion if for no other reason, the wages are due and paid by the employer of the debtor and a tax refund, if recognized, was paid by the government. Therefore, the claim is against the government and not against the debtor's employer. *United States v. Michaels*, 840 F.2d 901 (11th Cir.1988); *In re Moody*, 241 B.R. 238 (Bankr.M.D.Fla.1999); *In re Lancaster*, 161 B.R. 308 (Bankr.S.D.Fla.1993); *In re Truax*, 104 B.R. 471 (Bankr.M.D.Fla. 1989).

The claim under consideration is not claimed under *Florida Statute* § 222.11 but under *Florida Statute* § 222.25. Last year, SB 150, that is Senate Bill 150, substantially amended section 222.25 of the Florida Statutes. SB 150 became effective on June 1, 2001. Prior to the amendment, neither Federal nor State law provided exemption for earned income credit. It is clear that States, which opted out, were not precluded to provide for such exemption. According to the Senate Staff Analysis and Economic Impact Statement on SB 150, the very purpose of enacting SB 150 was to provide an exemption for earned income credit. The earned income credit is a special Federal refundable tax credit available for low income working taxpayers who meet the eligibility requirements for the credit. An eligible person may receive money back even if they do not owe any taxes provided that they file a tax return and document their income. This is a requirement to assure that their income did not exceed the statutory cap of $31,152. Earned income credit includes all taxable and non-taxable income from any source but does not include pensions, annuities, social security and railroad retirement benefits, alimony, child support, welfare benefits, workmen's compensation, non-taxable foster care payments, veterans' benefits, inmate earnings, workfare payments, or community property.

 The Statement leaves no doubt that SB 150 was intended to immunize earned income credit due to eligible low income workers from claims of creditors regardless whether the credit has been received or commingled with a debtor's financial account, so long it is traceable. While the Statement explaining the amendment provides less than a clear explanation, this Court is satisfied that what it did not accomplish was to exempt plain vanilla income tax refund claims due to debtors who have nothing to do whatsoever with any earned income tax credit. This is so because there is no statutory cap placed on wages of head of household under *Florida Statutes* § 222.11, and clearly earned income credit cannot exceed $31,152.

This being the case, this Court is satisfied that the Trustee's Objection to the Debtors' claim of exemption of the two income tax refund claims is well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption be, and the same is hereby, sustained as to the two income tax refund claims. It is further

ORDERED, ADJUDGED AND DE-CREED that the two income tax refund claims of the Debtors are subject to the administration by the Trustee and the claim of exemption to the same are hereby disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the ruling on the Trustee's portion of the Objection concerning the personal properties claimed as exempt by the Debtors be, and the same is hereby, deferred pending receipt of the appraisal of said property. If accepted by the Debtors and is compromised, the same shall be set for hearing to consider the entry of an appropriate Order.