### In re GEIGER ENTERPRISES, INC., Debtors.

### In re AUTO STOP GAS, INC., Budget Gas, Inc., Harold & Patricia L. Geiger, Hard Rock Paving Company, Inc., Oilatomic Corporation, Queen City Filling & Manufacturing, Inc., River Road Oil Company, Wish-a-Wash, Ltd., Willie the Whale, Inc., Debtors.

### No. CIV–80–1109C.

United States District Court, W. D. New York.

Feb. 1, 1982.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y. (William J. Brown, Buffalo, N. Y., of counsel), for appellees.

Woods, Oviatt, Gilman, Sturman & Clarke, Rochester, N. Y. (Gary F. Amendola, Rochester, N. Y., of counsel), for appellant.

CURTIN, Chief Judge.

Currently before the court in this Bankruptcy appeal is appellant's motion to set aside the October 23, 1980, order of United States Bankruptcy Judge Beryl E. McGuire which modified his prior order of September 8, 1980.

These orders established a notice procedure for applications for interim compensation and expense allowances. The procedure was set forth in the September 8 order and submitted to the parties for comment

and/or objections. The procedure was approved by the Official Creditors' Committee and by all creditors, save two. Objections were entered by the appellant, Central Trust Company, and by the United States. Oral argument regarding the objections was held on October 14, 1980. To accommodate the dissenting creditors, Judge McGuire modified his order to give appellants and the Internal Revenue Service 10 days' notice of interim fee and expense applications. The order was entered as modified.

Appellant urges that the decision of the Bankruptcy Judge should be reversed on the ground that it violates section 58(a)(8) [11 U.S.C. § 94(a)(8)] of the Bankruptcy Act, sections 330 and 331 of the Bankruptcy Code,[1] and the notice provisions of Bankruptcy Rules of Procedure, Rule 11–24(a), (d). Appellant contends also that Judge McGuire erred in ordering that allowances were to be paid from the consolidated earnings of the entities.

The initial issue presented for decision is the appealability of the October 23 order. The appellees contend that the October 23 order is interlocutory in nature and thus non-appealable under the Bankruptcy Code without the permission of the district court. Its appealability under the Bankruptcy Act, they contend, is committed to the discretion of the district court.

In making the determination whether an order is interlocutory or final in nature, we must look to the effect of the order. An order is considered to be final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *EEOC v. American Express*, 558 F.2d 102 (2d Cir. 1977); *United States v. Garber*, 413 F.2d 284 (2d Cir. 1969).

The facts of this case indicate that the October 23 order is interlocutory in nature. The order which is the subject of this appeal provides that applications for interim compensation awards may be considered at any adjourned first meeting of creditors if such applications are filed with the court 10 or more days prior to the adjourned first meeting. The order further provided that any interim allowances would be paid from the consolidated earnings of the debtors and that the allowances would be subject to a final accounting by the court. (See Appendix A.)

Implementation of Judge McGuire's order will not determine with finality the rights of any party to the proceeding. The order does not award fees, nor does it determine the eligibility of any party to receive fees. Moreover, by its terms, the order provides that any interim compensation awards are to be reviewed and subjected to a final accounting and final allowance by the court. This review is mandated also by the provisions of the Bankruptcy Code, 11 U.S.C. § 1129(a)(4)(B), and will be on notice to all creditors, with full opportunity to be heard. The creditors will have an opportunity to appeal from an adverse decision at that time.

Contrary to appellant's contention, the Bankruptcy Court's directive that fees are to be paid from consolidated earnings is not a "de facto consolidation," making this a final order.

Since this appeal was filed, the United States Supreme Court has resolved the issue of consolidation of the Chapter XI and Chapter 11 entities. In *Central Trust Co. v. Geiger Enterprises*, —— U.S. ——, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982), the Court held that the language of section 403(a) of

---

1. The Bankruptcy Reform Act of 1978 took effect on October 1, 1979. Congress has enacted a transitional rule to govern cases pending on the effective date of the new Bankruptcy Code. Pub.L.95–598 § 403(a) (92 Stat. 2683) provides that cases filed prior to October 1, 1979, are governed by the provisions of the Bankruptcy Act of 1894 [the Act]. Cases filed subsequent to October 1, 1979, are governed by

the provisions of 11 U.S.C. §§ 1 *et seq.* [the Code].

Both statutes are applicable in this case, since one of the entities, Geiger Enterprises, Inc., filed its petition under the Act and is governed by Chapter XI, and the remaining nine entities listed in the title of this proceeding are Chapter 11 entities.

the Bankruptcy Code was unambiguous and prohibited the dismissal and subsequent refiling of a petition filed under the Bankruptcy Act in order to effect consolidation under the provisions of the Code.

A review of the record in the instant case demonstrates that there has been no substantive consolidation of these entities. The difficulties of separating the assets and liabilities of each of the entities involved are well documented. Although efforts are being made to segregate the various estates, Judge McGuire and this court have found that it is not possible to allocate funds to any precise estate at this time. *See* Transcript of October 7 hearing at pp. 27–39, 51; *In re Geiger Enterprises*, Civ. 80–886 (W.D.N.Y. June 1, 1981).

The order appealed from does not require substantive consolidation, only payment of interim fee awards from consolidated earnings. The efforts to segregate the entities will continue, and advance payments will be deducted from the proper estate at the time a final accounting is made.

Accordingly, I hold that the order did not constitute a *de facto* consolidation. To hold otherwise would prevent the distribution of interim fees entirely, in violation of the clear command of section 331 of the Bankruptcy Code and the cases which developed under the Act. Since the remaining issue, the appeal of the procedure for compensation awards, is interlocutory in nature, the question of review is left to my discretion. *Sulmeyer v. Pfohlman*, 329 F.2d 915, 917 (9th Cir. 1964); *In re Roloff*, 598 F.2d 783 (3d Cir. 1979).

Under the Bankruptcy Act, no distinction is made between final and interlocutory orders for purposes of review, and both are appealable. In the interests of judicial economy, the district courts have been generally reluctant to hear appeals of matters which relate only to preliminary, non-final orders. *In re Radtke*, 411 F.Supp. 105 (E.D. Wis.1976); *In re H. S. Dorf & Co.*, 309 F.2d 151 (2d Cir. 1962); *In re Durensky*, 519 F.2d 1024 (5th Cir. 1975).

The Bankruptcy Reform Act of 1978 codified and expanded this general rule. The 1978 amendments to 28 U.S.C. § 1334(b) provides:

> The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.[2]

Pub.L. 95–598, § 238; Interim Rules of Bankruptcy Procedure, Rule 8004.

Since its effective date, there has been little case law interpreting this section. The court has been able to locate only one case, in addition to my decision in a prior appeal of this case, *In re Geiger Enterprises, supra,* where the issue was presented. In the case of *In re Casco Bay Lines*, 8 B.R. 784 (1st Cir. 1981), the Appellate Panel for the First Circuit established pursuant to 28 U.S.C. § 160(a) (1978 amendments), discussed the proper standard for determining appealability of interlocutory decrees. The Panel stated that although no restrictions were placed upon review,

> [n]evertheless, the statute was clearly not intended to open the floodgates to permit large numbers of interlocutory appeals. To do so would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.

*Supra* at 786. This view is in accord with my prior decision in *In re Geiger*, Civ. 80–886, *supra.*

The facts of this case do not demonstrate the kind of exceptional circumstances which would justify the exercise of discretion under the Bankruptcy Act or under 28 U.S.C. § 1334(b). The order does nothing more than establish a procedure for the consideration of applications for interim compensation. District Court review of any decision of the United States Bankruptcy Court will be available at the time a final decision is rendered, and appellant's rights will be adequately protected.

---

**2.** The 1978 amendments to Title 28 of the United States Code are effective during the transition period of October 1, 1979—April 1, 1984. Pub.L. 95–598 § 405(a)(1)(C)(2) (92 Stat. 2685).

Accordingly, I will not discuss the merits of this appeal, and it is hereby dismissed.

So ordered.

## APPENDIX

Judge McGuire's order of September 8, 1980, provided in pertinent part:

TAKE FURTHER NOTICE THAT:

(1) this Order establishes a procedure permitting applications for interim allowances of compensation and expenses by the applicants therein to be considered for allowance at any adjourned first meeting of creditors of Geiger Enterprises, Inc. if filed ten or more days prior to such adjourned first meeting; (2) such interim allowances are subject to a final accounting to this Court and a final allowance shall be upon written notice to all creditors; and, (3) such interim compensation and expenses shall be paid out of the consolidated earnings of all of the above-named estates held in the name of Geiger Enterprises, Inc. estate.

TAKE FURTHER NOTICE THAT:

(1) adjourned first meetings of creditors can and will be adjourned from time to time without further notice to creditors, and that the date for the next such adjourned first meeting is announced at each adjourned first meeting; and, (2) the date for the next adjourned first meeting of creditors will be October 14, 1980 at 2:00 p. m.

Take further notice that no further written notice will be given of the dates for adjourned first meetings of creditors or for applications for interim allowances of compensation and expenses.

The order of October 23, 1980, further provided in pertinent part:

ORDERED, that the September 8, 1980 Order is modified in the following respects only:

1. The caption of the Order is amended to delete "The Geiger Trust a/k/a The Geiger Children's Trust, B–80–10673 M" and "Northeast Chemical Co., Inc., B–80–10374M";

2. The first decretal paragraph of the September 8, 1980 Order is amended to require applications for interim allowances and expenses to be filed with the Court twenty or more days prior to an adjourned first meeting instead of ten or more days.

3. The following three decretal paragraphs are added to the September 8, 1980 Order:

"ORDERED, that the Clerk of this Court shall give at least ten days notice to Central Trust Company Rochester N. Y. of any and all applications for interim allowances of compensation and expenses by mailing notice to Woods, Oviatt, Gilman, Sturman & Clarke, Gary F. Amendola, Esq., of counsel, 44 Exchange Street, Rochester, New York 14614; and it is further

ORDERED, that the Clerk of this Court shall give at least ten days notice to the United States of any and all applications for interim allowances of compensation and expenses by mailing notice to John White, Esq., Internal Revenue Service, District Counsel, Third Floor, U. S. Courthouse, 68 Court Street, Buffalo, New York 14202; and it is further

ORDERED, that if any other creditor desires to receive notice of the filing of applications for interim allowances of compensation and expenses, the creditor shall file a written request for such notice with the Clerk of this Court within twenty days of the date of this Court's October 16, 1980 Notice, mailed to creditors."; and it is further

ORDERED, except as set forth above, the September 8, 1980 Order shall remain the same in all respects, and the objections thereto are denied; and it is further

ORDERED, that this Court's September 8, 1980 Order, as amended by this Order, makes no findings nor determination as to the eligibility of any entity to apply for and receive interim allowances of compensation and expenses. Any objections to the eligibility of any entity to apply for and receive interim allowances of compensation and expenses are re-

served until such time as an entity files with this Court an application for interim allowances of compensation or expenses or a motion, application or other request for judicial determination that such entity is authorized to receive compensation from the estates for services and expenses rendered.