**In re Ira H. VERILL, Jr., Bankrupt.**

**Susan M. Van LIESHOUT,
Trustee, Plaintiff,**

v.

**Ira Huron VERILL, Jr., Defendant.**

**Bankruptcy No. 78–01662–K.**

United States Bankruptcy Court,
D. Maryland.

Feb. 10, 1982.

Philip L. Asplen, Jr., Acquisto, Asplen & Morstein, Towson, Md., for the Bankrupt.

Susan M. Van Lieshout, Weinberg & Green, Baltimore, Md., for the Trustee.

## MEMORANDUM AND ORDER ON TRUSTEE'S COMPLAINT TO RECOVER MONEY

JAMES F. SCHNEIDER, Bankruptcy Judge.

In this adversary proceeding the Court is called upon to determine the rights of the parties with respect to a tax refund attributable to withholdings from wages earned during the calendar year in which Ira H. Verill, Jr. (the "Bankrupt") filed his voluntary petition. The question is one of first impression in this District.

The instant case is before the Court for decision on the Trustee's complaint and the Bankrupt's answer. Inasmuch as the dispute is solely one of law, counsel requested that the Court rule without a hearing after consideration of the memoranda of law

filed on behalf of both parties. After due consideration of the memoranda of counsel together with the complaint and answer, the Court is prepared to rule without a hearing. The relief sought by the Trustee will be granted for the reasons set out below.

Briefly stated, the undisputed facts are as follows. On November 22, 1978, the Bankrupt filed a voluntary petition seeking relief under the Bankruptcy Act of 1898.[1] On that same day, the Bankrupt's spouse filed a similar voluntary petition that remains pending in this Court and that is the subject of a like adversary proceeding.[2] Sometime during 1979 the Bankrupt and his spouse received Federal and Maryland income tax refunds attributable to taxes withheld from wages earned during the 1978 calendar year. The combined total of these refunds was $1,160.23. During 1978 the Bankrupt earned $13,322.92 in wages— his spouse earned wages of $3,456.79 during the same period.

■ The Trustee, relying on *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1972), argues that the portion of the refund attributable to the Bankrupt's earnings during the period prior to the filing of the bankruptcy petition becomes property of the bankruptcy estate by virtue of § 70(a)(5) of the Act, 11 U.S.C. § 110(a)(5) (1976). The Court agrees. Sec-

tion 70(a)(5) of the Bankruptcy Act provides in pertinent part:

> The Trustee of the estate of a bankrupt ... shall ... be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under [Title 11] ... to all of the following kinds of property wherever located ... (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered ....

In *Kokoszka*, the Supreme Court considered a Bankruptcy Trustee's claim that an income tax refund attributable to pre-petition wages was property of the estate. The *Kokoszka* Court balanced the Bankrupt's need for an unencumbered fresh financial start against the purpose of the Bankruptcy Act to secure a prompt distribution to creditors by conversion of the bankruptcy estate to cash, and held that "the income tax refund is 'sufficiently rooted in the pre-bankruptcy past' to be defined as 'property' under § 70a(5)." 417 U.S. at 648, 94 S.Ct. at 2435. *Cf. Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970) (vacation pay is not property within the scope of § 70(a)(5)).[3]

> The main thrust of Section 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end, the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.
>
> *Segal v. Rochelle*, 382 U.S. 375, 379 [86 S.Ct. 511, 515, 15 L.Ed.2d 428] (1966). Thus, cases such as *In re Jones*, 337 F.Supp. 620 (D.Minn. 1971), relying upon technicalities of the assignability of income tax refunds as a matter of state law, are after *Kokoszka* in large part without precedential value. Indeed, the Court suggested as much in *Lines v. Frederick* when it observed that "the problem of classification for purposes of the Bankruptcy Act could not be resolved simply by reference to ... definitions of property drawn from other areas of the law." 400 U.S. at 19–20, 91 S.Ct. at 113–114.

---

1. 11 U.S.C. §§ 1-1103 (1976). This case arose under and is governed by The Bankruptcy Act of 1898 as it stood prior to the adoption of The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2683 (1978) (codified in part at 11 U.S.C. §§ 101 1330 (Supp. IV 1980)). Section 403(a) of The Reform Act provides that such cases "shall continue to be governed by the law applicable to such case, matter, or proceeding as if the [Reform] Act had not been enacted." *See In re Geiger Enterprises, Inc.*, (1982), 17 B.R. 432.

2. *In re Verill*, 17 B.R. 652.

3. The result in *Kokoszka* was dictated in part by the Court's long-standing determination to reject a categorical definition of the word "property" in favor of defining the scope of the term in light of the purposes of the Bankruptcy Act. The Court had previously observed that,

The Bankrupt would have the Court place significance upon the distinction that the refund in question here was earned during the calendar year in which the petition was filed, rather than during the preceding year as was the case in *Kokoszka.* Nothing in the Supreme Court's rationale supports the conclusion that such a distinction would dictate a contrary result. *In re Griffin,* 1 B.R. 653, 654–55 (Bkrtcy.M.D.Tenn.1979). The critical conclusion was that a tax refund is property within the scope of § 70(a)(5).

▮ The Bankrupt objects to the Trustee's *pro rata* computation of the allocation of the refunds between the individuals and their estates. Other Courts have made clear that such an objection is without merit so long as "the formula proposed by the Trustee provides a fair allocation of the tax refund." *In re Jones,* 337 F.Supp. 620, 625 (D.Minn.1971). The presumption—absent proof to the contrary—is that a formula prorating the tax return as of the date of the filing is both fair and equitable. *Griffin,* 1 B.R. at 654–55. The Court is equally convinced that prorating a tax refund between spouses' estates based upon each spouse's annual earnings is presumptively fair and equitable. The Bankrupt has offered neither proof nor argument that would support a contrary conclusion in this case. Accordingly, the Court adopts the Trustee's allocation.

The Bankrupt earned 79.4% of the spouses' joint income. The Bankrupt's voluntary petition was filed on the 326th day of the year. Thus, income tax refund should be allocated to his estate pursuant to the following calculation: (326/365) (0.794) ($1,160.23) = $822.79.

▮ The Bankrupt's final argument is that a portion of the $822.79 is exempt under Maryland law relating to attachment of wages, Md.Com.Law Code Ann. § 15–602 (1975). Neither *Kokoszka* nor *In re Brissette,* 561 F.2d 779 (9th Cir. 1977), relied upon by the Bankrupt, support such a conclusion. Income tax withholding is simply not wages within the meaning of the statute, but a debt due the Bankrupt that is related to the amount of wages earned. As the *Kokoszka* Court observed in a related context, "Just because some property interest had its source in wages ... does not give it special protection, for to do so would exempt from the bankrupt estate most of the property owned by many bankrupts, such as savings accounts and automobiles which had their origin in wages." 417 U.S. at 648, 94 S.Ct. at 2435 (quoting *Kokoszka v. Belford,* 479 F.2d 990, 995 (2d Cir. 1973)). The Court holds therefore that none of the refund allocated to the estate is subject to exemption under the state wage attachment law.[4]

For the aforegoing reasons, it is this 10th day of February, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that the Bankrupt, IRA HURON VERILL, JR., should, and he is hereby directed to pay EIGHT HUNDRED TWENTY–TWO DOLLARS and SEVENTY NINE CENTS ($822.79) to SUSAN M. VAN LIESHOUT, SUBSTITUTE TRUSTEE, within thirty (30) days of the date hereof; and it is

FURTHER ORDERED that a copy of this Memorandum and Order on Trustee's Complaint to Recover Money shall be mailed forthwith by the Clerk of the Court by regular mail to all counsel of record.

---

4. The Court notes, without making it a basis for decision, that the Bankrupt's Schedule B–4 reflects a claim of exemption under § 15–602 for $240.00 out of the $366.00 in wages due him from General Electric Co. on the date of filing.