**In re Gary and Karen FISHBEIN, Debtors.**

**In re Charles T. Ekoko, Debtor.**

**Bankruptcy Nos. 99–1–0622–PM, 99–1–1621–DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Feb. 8, 2000.

John L. Dowling, Silver Spring, MD, for Debtors.

Paul–Michael Sweeney, Silver Spring, MD, Chapter 7 Trustee.

1. The trustee and counsel for the debtor(s) are the same individuals in each of these cases.

2. Maryland has opted out of the federal exemption scheme pursuant to 11 U.S.C. § 522(b). *See* Md.Code Ann., Cts. & Jud.

*MEMORANDUM OF OPINION*

DUNCAN W. KEIR, Bankruptcy Judge.

In each of the above captioned cases, objections have been filed challenging exemptions of certain tax refunds claimed by the respective debtors. In each case there is no dispute of fact. The legal issue is may a debtor exempt post-petition tax refunds due on pre-petition earned income, as "disposable wages." For the reasons set forth below, the court finds that such refunds are not wages, and therefore cannot be exempted under the Maryland exemption applicable to wages.

The court held a combined hearing on May 20, 1999, and the parties have also submitted memoranda for consideration.[1] The stipulated facts are as follows: Debtors Gary and Karen Fishbein filed their joint petition on January 19, 1999. On Schedule C of their petition they listed "Expected Tax Refunds" in the amount of $5,400, and relied on a provision of Maryland's wage garnishment statute, Md.Code Ann., Comm. Law II, § 15–601.1 (1990 Repl.Vol.), (hereinafter, "C.L.II"), to exempt 75%, or $4,050.00, of the that amount.[2] Likewise, when debtor Charles Ekoku filed his petition on February 11, 1999, he also relied upon C.L. II § 15–601.1 to exempt $2,625.00, which was 75% of his expected state and federal tax refunds. As to both the Fishbeins and Mr. Ekoku, the expected refunds represented excess wage withholding tendered by their employers to the federal and state taxing authorities over the tax year immediately prior to the filing of their petitions in bankruptcy.

Commercial Law II § 15–601.1 provides as follows:

Proc., § 11–504(g)(1998 Repl.Vol.). Maryland residents are thereby restricted to exemptions available under Maryland law and under statutes other that 11 U.S.C. § 522(d).

(a) *Disposable wages.*—In this section "disposable wages" means the part of wages that remain after deduction of any amount required to be withheld by law.

(b) ... The following are exempt from attachment:

(1) ... the greater of:

(i) The product of $145 multiplied by the number of weeks in which wages due were earned; or

(ii) 75 percent of the disposable wages due ....

The gravamen of debtors' argument is that income tax refunds should be termed "disposable wages" because such refunds represent an overage in the "amount [of taxes] required to be withheld by [federal and state tax] law." In other words, according to debtors, the refunded amounts should never have been collected in the first place, and, by logic, such funds must be "disposable wages." The debtors are incorrect.

The argument put forth by the debtors suffers from the faulty premise that it is the employee's ultimate tax liability that matters in determining "disposable wages" under C.L. II § 15–601.1. According to the language of the statute, however, the amount of "disposable wages" is calculated from that portion of the employee's wages remaining "after deduction of any amount *required to be withheld* by law." *Id.* (emphasis supplied).

In the case of income taxes, the amount an employer is legally required to withhold from employee wages is not directly related to the employee's ultimate tax obligation, but is instead pre-determined in accordance with tax tables and information supplied by the employee.[3] *See,* 26 U.S.C.A. § 3402(a)(1)(West 1999)("[E]very employer making payment of wages *shall* deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary.")(emphasis supplied); Md. Code Ann., Tax–General, § 10–908(a)(1997 Repl.Vol.)("An employer *shall* withhold from the wages of an individual the amount indicated in the income tax withholding tables or income tax percentage withholding schedules that the Comptroller prepares.")(emphasis supplied).

The debtors have supplied no authority, and this court has found none, that would suggest a contrary interpretation. Accordingly, because the employer is required by law to deduct pre-calculated federal and state withholding amounts from an employee's wages, no portion of the amount deducted can be termed "disposable wages" under C.L. II § 15–601.1, even if a portion is later refunded to the debtor.

The debtors' argument is also at odds with existing case law on this issue. It has long been the rule that a tax refund due on wages earned pre-petition is " 'sufficiently rooted in the prebankruptcy past' to be defined as 'property' under s 70a(5) [of the Bankruptcy Act][4]." *Kokoszka v. Belford,*

---

3. Under both federal and state law, the employee must fill out an "exemption certificate" which supplies the employer with information to use in applying the tax tables to the wages earned by the employee. *See* 26 U.S.C. § 3402(f) and Md.Code Ann., Tax General, § 10–907.

4. Section 70a(5) of the 1898 Bankruptcy Act, in effect at the time *Kokoszka* was decided, provided as follows:

'(a) The trustee of the estate of a bankrupt ... shall ... be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title ... to all of the

following kinds of property wherever located ... (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered ....'

*Kokoszka* at 648, 94 S.Ct. 2431. Under the Bankruptcy Code, although property is defined somewhat differently, the outcome is the same. 11 U.S.C. § 541(a)(1) provides that an estate is created at the commencement of a case which includes, with certain exceptions not here applicable, "all legal or equitable interests of the debtor in property as of the

417 U.S. 642, 648, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Accordingly, the funds cannot be "wages" of any kind. As noted in *Kokoszka:*

> [S]ince a 'tax refund is not the weekly or other periodic income required by a wage earner for his basic support, to deprive him of it will not hinder his ability to make a fresh start unhampered by the pressure of preexisting debt,' . . . . 'Just because some property interest had its source in wages . . . does not give it special protection, for to do so would exempt from the bankrupt estate most of the property owned by many bankrupts, such as savings accounts and automobiles which had their origin in wages.'

*Id.* at 648, 94 S.Ct. 2431 (quoting *In re Kokoszka,* 479 F.2d 990, 995 (2nd Cir. 1973)). *See also, Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630, 632 (8th Cir.1991)(relying on the reasoning set forth in *Kokoszka* to find that the Missouri garnishment statute does not apply to tax refunds); *Dickerson v. Manchester (In re Dickerson),* 227 B.R. 742, 746 (10th Cir. BAP 1998)("It is well established that tax overpayments are not considered 'earnings'"). Indeed, as expressly stated by this court in *In re Verill,* 17 B.R. 652, 654 (Bankr.D.Md.1982): "Income tax withholding is simply not wages . . . but a debt due the bankrupt that is related to the amount of wages earned."

Debtors maintain, however, that *Verill* is no longer good law because C.L. II § 15-601 has been amended since that case was decided to exempt "disposable wages" from attachment as opposed to "wages in general." Debtors reason that the general tenet that Maryland exemptions are to be liberally construed in favor of the debtor, *see, In re Butcher,* 189 B.R. 357, 369 (Bankr.D.Md.1995), supports their interpretation that the statute was amended to afford a bankrupt debtor an exemption from attachment of a portion of his tax

returns. The court has found no legislative history, or Maryland case law that would support the interpretation offered by the debtor. Moreover, the statutory change is not relevant to the analysis made in *Verill.*

Under C.L. II § 15-601(c), "wages" are "all monetary remuneration paid to any employee for his employment." This definition was in effect at the time *Verill* was decided, and it is the definition in effect today. By subjecting *disposable* wages to attachment, C.L. § 15-601.1(a) clarifies that the attachment calculation is to be applied only to funds that the debtor actually has in hand, as opposed to his or her "gross" wages from which other deductions must be made. The effect is to assure that the debtor retains some minimum level of his or her earned income for ongoing living expenses, after funds are garnished. Accordingly, the exemption contained in Maryland's wage attachment law is no more applicable to income tax refunds today than it was at the time the *Verill* decision was decided in 1982.

That the debtors cannot exempt tax refunds as "disposable wages" does not mean such refunds cannot be exempted at all. Indeed, each of the debtors herein has already taken advantage of the exemptions set out in Section 11-504 Maryland's Courts and Judicial Proceedings Article to exempt a portion of the anticipated refunds. Absent clear intent from the Maryland legislature to the contrary, however, this court finds that the neither the definition of "wages" under C.L. II § 15-601, nor that of "disposable wages" under C.L. II § 15-601.1, was intended to include tax refunds, and thereby expand exemptions for tax refunds beyond that available under the Courts and Judicial Proceedings Article. This court agrees with the Bankruptcy Appellate Panel for the 10th Circuit when it stated in a related circumstance:

commencement of the case . . . ." A debtor plainly has a "legal or equitable interest" in a

tax refund due on wages he or she has earned.

"Rather than contriving a tortured interpretation of the nature of earned income credits to force them into a definition of 'earnings,' we leave such action where it belongs with the Oklahoma legislature." *Dickerson,* 227 B.R. at 747. Should the Maryland legislature care to include income tax refunds in its definition of wages, it is perfectly capable of doing so. Until that time, however, such refunds may be exempted only to the extent allowed under Maryland's Courts and Judicial proceedings article. Orders in conformity with this Memorandum of Opinion shall issue in each case.