**In re Ricky W. LEECH, Debtor.**

**William T. Neary, United States Trustee, Plaintiff,**

v.

**Ricky W. Leech, Defendant.**

**Bankruptcy No. 07–29926–JES.
Adversary No. 08–2113.**

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 8, 2009.

Amy J. Ginsberg, Office of the U.S. Trustee, Milwaukee, WI, for Plaintiff.

James L. Miller, Milwaukee, WI, Laurie Bigsby, Horizons Law Group, LLC, Wauwatosa, WI, for Defendant.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

### *INTRODUCTION*

This adversary proceeding was commenced by the United States Trustee ("UST") to deny a discharge to Ricky Leech ("debtor") based upon §§ 727(a)(2) and 727(a)(4) of the Bankruptcy Code. In addition, the chapter 7 trustee has objected to certain exemptions claimed by the debtor in his amended exemption Schedule "C".

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (J), and (O).

The court has jurisdiction under 28 U.S.C. § 1334.

### *FACTS*

On December 12, 2007, the debtor filed a voluntary petition in bankruptcy under chapter 13. Approximately one month later, he converted this case to a case under chapter 7.

On March 20, 2008, a § 341 meeting of creditors was conducted by Steven R. McDonald, the chapter 7 trustee. In response to questioning by the chapter 7 trustee, the debtor testified that he listed everything he owned in his bankruptcy schedules, that he reviewed his schedules in detail before they were signed and that his schedules were accurate. Upon further questioning by Darlene A. Jozwiak–Boylan, attorney for Wells Fargo Financial Bank, a secured creditor claiming an interest in jewelry, and who attended the § 341 meeting, the debtor acknowledged that he had purchased jewelry from Rasmussen Diamonds, a jewelry store located in Racine, Wisconsin, by using his Wells Fargo credit card. He further testified that he still had this jewelry in his possession. The jewelry consisted of: a currently assembled ladies' ring (consisting of a 1.03 ct. Carre cut diamond, a Simond G Design 18k white gold and diamond ring and two matched fitted wedding rings), a man's Rolex watch, a ladies' Rolex watch, a man's Edward Mirrel titanium double cable bracelet, and a ladies' garnet pendant. All of these items of jewelry as valued in the aggregate by the debtor in his amended Schedules "B" and "C" total $9,700.

After the § 341 meeting of creditors was held, the debtor amended his bankruptcy schedules to include the omitted jewelry. He also amended his Schedule "C" to claim the jewelry as exempt. He also amended Schedule "B" to include two guns which he valued at a combined total of $175 and which also had been omitted from his original schedules. However, he did not claim the guns exempt.

The jewelry is currently in the possession of the chapter 7 trustee (as a result of the trustee's turnover motion and objection to exemptions), pending a determination by this court as to who is entitled to it.

On May 1, 2008, the UST filed this adversary proceeding. The debtor never filed any answer or other response to this adversary complaint. This matter was brought on for hearing upon the UST's motion for a default judgment and the trustee's objection to exemptions was also heard at that time.

### *LAW*

### *Denial of Discharge— § 727(a)(4)(A) (False Oath or Account)*

 The burden of proof is upon the UST to establish its claim for denial of discharge by a preponderance of the evidence. Under § 727(a)(4)(A), the following elements must be proven:

1. debtor made a statement under oath,

2. which is false,

3. the debtor knew the statement was false,

4. the statement was made with a fraudulent intent, and

5. the statement related materially to the bankruptcy case.

 The first two elements—a statement made under oath which is false—were easily established by the debtor's failure to include the jewelry and firearms in his original bankruptcy schedules. Omissions from bankruptcy schedules constitute a false oath for purposes of § 727(a)(4). *In re Glenn*, 335 B.R. 703, 707 (Bankr.W.D.Mo.2005); *In re Bostrom*, 286 B.R. 352, 360 (Bankr.N.D.Ill.2002).

 The fifth element—materiality of the omitted statement—also was clearly proven. In determining if omitted assets are material, the issue is not merely the value of the omitted asset or whether such omission was detrimental to the creditors. A discharge may be denied if the omission adversely affects the ability of the trustee

or creditor to discover other assets or to fully investigate the debtor's pre-bankruptcy dealings and financial condition. *Collier on Bankruptcy* Vol. 4, para. 727.04(a)(b), p. 727-4 (15th ed.). In this case, the debtor's omission of two guns from his schedules is relatively minor. More critical, however, is the debtor's failure to list the jewelry.

■ The debtor's efforts to persuade this court that his omission of the jewelry was harmless because the value of the jewelry is less than the unpaid balance due to Wells Fargo were unconvincing. Under § 541(a) of the Bankruptcy Code, a debtor must list all assets regardless of whether there is any deficiency after taking into account the balance due to the secured creditor and regardless of whether the debtor believes the assets are worthless and unavailable for the bankruptcy estate. *U.S. v. Van Allen*, 524 F.3d 814, 822 (7th Cir.2008). Sec. 541(a) of the Bankruptcy Code requires that debtors include all assets, including the interest of the debtor's spouse in community property, meaning that Mrs. Leech's jewelry should also have been included in the debtor's bankruptcy schedules.

Sec. 544 of the Bankruptcy Code empowers the trustee with the ability to avoid unperfected liens as of the date of commencement of the bankruptcy case. The debtor's failure to list the jewelry in his schedules presented an impediment to the trustee's investigation as to whether Wells Fargo's lien constituted a valid perfected security interest in the jewelry.

■ The remaining elements needed to establish § 727(a)(4)(A) are whether the debtor knew the omission was false and whether such omission was done with a fraudulent intent.

■ The court recognizes that these are difficult elements to prove. Generally, a debtor is the only one able to testify as to intent and is unlikely to admit fraudulent intent. *In re Abramov*, 329 B.R. 125, 131 (Bankr.E.D.N.Y.2005). In *In re Saylor*, 339 B.R. 190, 191 (Bank.N.D.Ind.2006), the court declared that actual knowledge that a statement is false and a conscious intent to deceive are not always necessary for purposes of § 727(a)(4). *Saylor* declared that fraudulent intent under § 727(a)(4)(A) also exists where the debtor has demonstrated "a reckless disregard of the serious nature of the information sought and the necessary attention to detail and accuracy." *Id. Saylor* further stated that a debtor's reckless disregard for the truth of information contained in the bankruptcy statements and schedules may be regarded as the equivalent of actual fraud on the part of the debtor who submits such false or inaccurate statements. *Id.See also In re Yonikus*, 974 F.2d 901, 905 (7th Cir. 1992) ("[t]o find the requisite degree of fraudulent intent, the court must find the debtor knowingly intended to defraud the trustee, or engaged in such reckless behavior as to justify the finding of fraud").

■ The evidence in the instant case is compelling that the debtor, a person with one year of college education, knew that his signing of the bankruptcy schedules was an important step not to be taken lightly. He is no novice in the world of bankruptcy, having previously filed a bankruptcy petition. A debtor's compliance with his duties to honestly report bankruptcy schedules is absolutely necessary to protect the integrity of the bankruptcy process. *In re Bostrom*, 286 B.R. at 364.

The debtor's credibility, upon the court's observance of him at the trial, was suspect. He initially testified that he listed the jewelry by listing Wells Fargo as an unsecured creditor in his schedules. That testimony is unbelievable. Nothing in his

schedules made any reference to jewelry. The debtor's listing of Wells Fargo as a creditor only contained information with respect to Wells Fargo's address, amount of debt owed to it, and a notation that this debt was in connection with "credit card purchases." This was insufficient to provide the trustee or creditors with any indication that the debtor owned any jewelry.

■■■ The debtor's wife, Shea Leech, testified on behalf of her husband and stated that she was the person who primarily completed her husband's bankruptcy schedules. That is no excuse for omitting assets. It is the debtor's responsibility to review his schedules for accuracy, and his testimony revealed that he did precisely that. Mrs. Leech's testimony that she never thought of the watches as jewelry also is unconvincing. Even if she believed the two Rolex watches—one bought for $4,525 and the other for $3,500—were not jewelry, these items should have been revealed elsewhere in Item 35 of Schedule "B" which provides for listing "other personal property of any kind not already listed." That was not done in this case. Mrs. Leech, like her husband, also had one year of college education and had also previously filed her own bankruptcy petition before her marriage to the debtor. Her testimony, like that of her husband, lacked credibility.

The debtor's attempts to shift the blame to his bankruptcy attorney who prepared his bankruptcy schedules also are rejected. James Miller, who was the debtor's bankruptcy attorney (and who subsequently was authorized by the court to withdraw), has appeared before this court on numerous occasions. He has earned a well-deserved reputation as a skilled bankruptcy practitioner and knows full-well the importance of listing all of a debtor's assets. In *In re Pettey*, 288 B.R. 14, 20 (Bankr. D.Mass.2003), the court stated that a debtor has an independent obligation to verify the information given to his counsel. Both the debtor and Mrs. Leech acknowledged that they never discussed the subject of jewelry with Attorney Miller or anyone else in his office and declared that "we made a mistake." (Tr. 60)

This court concludes that the debtor knew that his material omissions were false and that these omissions were made with a fraudulent intent, either by a conscious intent to deceive or by conduct on his part evincing a reckless disregard for the truth.

The UST has established by a preponderance of the evidence all elements necessary for denial of discharge under § 727(a)(4)(A).

### Denial of Discharge— § 727(a)(2) (Fraudulent Concealment of Property)

■■■ Sec. 727(a)(2) of the Bankruptcy Code constitutes a separate ground for denial of discharge. It requires proof of the following elements:

1. act complained about was done within one year prior to date of filing bankruptcy petition,

2. act was by the debtor,

3. it consisted of a transfer, removal, destruction, or concealment of debtor's property, and

4. done with an intent to defraud a creditor or the trustee.

■■■ The debtor's failure to disclose the omitted assets in his schedules which were prepared within the year preceding the filing of his bankruptcy petition constituted a concealment of assets. Accordingly, the first three elements set forth above have been satisfied.

■■■ The fourth element—intent to defraud—has been analyzed by this court in

its discussion in this decision of § 727(a)(4)(A). The court is persuaded that the debtor's actions in failing to disclose the jewelry in his initial bankruptcy schedules were done with the intent to defraud the trustee and his creditors. Reckless disregard is the equivalent of intent to defraud not only for § 727(a)(4)(A) purposes, but also for § 727(a)(2). *See In re Yonikus*, 974 F.2d at 905; *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998); *In re Stamat*, 395 B.R. 59, 70 (Bankr.N.D.Ill.2008).

■■■ The fact that the debtor, at his § 341 meeting of creditors, eventually acknowledged that he had omitted assets and subsequently amended his bankruptcy schedules to include the omitted assets did not expunge the falsity of his prior oath. *In re Fink*, 351 B.R. 511, 526–27 (Bankr. N.D.Ill.2006). *See also In re Mellor*, 226 B.R. 451, 459–60 (D.Colo.1998) ("An inference of fraud is permissible ... when the evidence indicates that the amendment is not in fact voluntary because the amendment is offered only as a result of developments during the meeting of creditors after the debtor 'knew that the cat was out of the bag'."); *In re Kelly*, 135 B.R. 459, 461 (Bankr.S.D.N.Y.1992) ("Amendment does not expunge the falsity of an oath.").

The court is satisfied that denial of discharge has also been proven under § 727(a)(2) by a preponderance of evidence.

### *Chapter 7 Trustee's Objection to Debtor's Claim of Exemption in Amended Schedule "C"*

■■■ As a general principle, a debtor may exempt assets at any time before a case is closed. However, there are exceptions. One of these exceptions is when the debtor has either concealed property or has acted in bad faith. *See Matter of Doan*, 672 F.2d 831, 833 (11th Cir.1982). The Seventh Circuit has on at least two

occasions addressed this issue. In *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir.1985), the court declared:

> If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive. The omission of assets may be a good reason to deny or revoke a discharge.

In *In re Yonikus*, 996 F.2d 866, 873 (7th Cir.1993), the Seventh Circuit affirmed rulings made in the bankruptcy and district courts denying a debtor's exemption in a workers' compensation award, declaring that the debtor's actions clearly reflected an intentional concealment and bad faith.

The record in this case at bar has amply established, by clear and convincing evidence, bad faith on the debtor's part sufficient to justify a denial of his claimed exemptions in the jewelry.

### *CONCLUSION*

■■■ Denial of discharge is a harsh remedy which this court does not relish in ordering. However, the facts and circumstances in this case unfortunately require this result. Judge Sigmund in *In re Mezvinsky*, 265 B.R. 681, 690, appropriately stated:

> [A] discharge in bankruptcy is a privilege—not a right—which must be earned.... The Bankruptcy Code makes complete financial disclosure a "condition precedent" to discharge.... In short, the global purpose of Sec. 727 is to relieve creditors from the burden of "discovering" assets and to place it where it rightfully belongs, upon the debtor.

The UST's motion for default judgment is granted, and the court denies the debtor's discharge under §§ 727(a)(4)(A) and 727(a)(2) of the Bankruptcy Code.

The court also sustains the chapter 7 trustee's objection to the exemption claimed by the debtor in the jewelry now in the possession of the chapter 7 trustee.

The foregoing constitutes the court's findings of fact and conclusions of law pursuant to Federal Bankruptcy Rule 7052.

A separate order for denial of discharge and for sustaining the chapter 7 trustee's objection to the claims of exemption shall be issued.