In re Nicholas A. **MEYERS** and Solina S. Meyers, Debtors.

No. 09–36371–svk.

United States Bankruptcy Court, E.D. Wisconsin.

July 8, 2010.

Todd C. Buss, Buss Law Group, Ltd., Pewaukee, WI, for Debtors.

## MEMORANDUM DECISION AND ORDER ON OBJECTION TO EXEMPTIONS

SUSAN V. KELLEY, Bankruptcy Judge.

■ The issue in this Chapter 7 case is whether the Debtors' amended exemptions should be allowed. The Trustee has objected, accusing the Debtors of concealing assets and prejudicing creditors. The amount involved is $2,067, approximately 11/12 of the Debtors' 2009 tax refund. The Debtors filed their Chapter 7 petition on November 13, 2009 and neither listed the refund nor claimed it as exempt in their original Schedules. At the meeting of creditors held January 7, 2010, they testified that their Schedules were accurate. On April 16, 2010, after the Trustee intercepted the refund from the IRS and filed a Notice of Assets, the Debtors amended their Schedules to disclose the refund and claim it exempt under the "wild card" exemption of 11 U.S.C. § 522(d)(5). In response to the Trustee's Objection, the Debtors assert that omission of the refund was inadvertent, and rely on Bankruptcy Rule 1009(a) which allows amendments to Schedules "as a matter of course" any time before the case is closed. While this Rule appears to limit the Court's discretion to disallow amendments, a judicially created exception to Rule 1009 exists where the debtor has acted in bad faith or concealed assets or where the amendment would prejudice creditors or third parties. *In re Yonikus*, 996 F.2d 866 (7th Cir.1993). The Trustee argues that all three factors—bad faith, concealment, and prejudice—are present here.

■ However, virtually all of the cases cited by the Trustee in support of his arguments involve a debtor's failure to disclose or turn over a personal injury settlement. For example, the Trustee relies on *In re Stinson*, in which Judge Rhodes admonished: "Once again, the Court must send a strong message to chapter 7 debtors who unlawfully exercise control over their pre-petition personal injury claims." 221 B.R. 726, 727 (Bankr.E.D.Mich.1998). The Trustee's cases are therefore readily distinguishable from this case in which the Debtors were not in possession of the tax refund and presumably did not even file their tax returns until after the meeting of creditors. Moreover, most of the decisions cited in the Trustee's Brief are from other Circuits. In the Seventh Circuit, "bad faith and/or prejudice in the amendment of bankruptcy schedules must be shown by clear and convincing evidence." *In re Icke*, 2006 WL 2860809, *3, 2006 Bankr.LEXIS 2820, *7 (Bankr.S.D.Ill. 2006) (citing *Yonikus*, 996 F.2d at 872).

■ *Icke* is very similar to this case, in that it involved a tax refund that was not disclosed until the Trustee inquired about it at the meeting of creditors. The Trustee objected when the debtors amended their Schedules to disclose the tax refund and claim it as exempt. The court held that the Trustee did not meet his burden of proof by clear and convincing evidence. It appears that, as in this case, the initial failure to disclose and exempt the refund was inadvertent, not part of some larger scheme to hide assets from creditors. The debtors cooperated with the Trustee in supplying their tax returns, showing their good faith, and there is no suggestion here that the Debtors did not turn over all

required documents to the Trustee. One possible distinction is that the court in *Icke* noted that the debtors did not conceal the information about the tax refund at the meeting of creditors, while the Trustee alleges that the Debtors in this case lied about the tax refund at the meeting of creditors. However, apparently no specific question was posed about tax refunds; rather the Debtors were asked and confirmed that their Schedules were complete, accurate and listed all of their assets. (No transcript of the § 341 meeting was provided, and if the Trustee expressly inquired about a 2009 tax refund and the Debtors denied being entitled to one, the Trustee's allegation of concealment would hold far more weight).

The Debtors' conduct here is in sharp contrast to *Neary v. Leech (In re Leech)*, where the debtor failed to list over $9,000 in jewelry and Rolex watches. 408 B.R. 222 (Bankr.E.D.Wis.2009). After a secured creditor appeared at the meeting of creditors and inquired about its collateral, the debtor admitted to owning the jewelry and watches, offered an implausible excuse for his failure to list them, and amended his Schedules and exemptions to claim the items. Based on the totality of the circumstances, Judge Shapiro had little trouble finding that the Chapter 7 Trustee met his burden by clear and convincing evidence that the amended exemptions should not be allowed. This case lacks such evidence. The Debtors failed to schedule and exempt a tax refund that may have been anticipated, but was unliquidated and certainly not in their possession when they filed their petition. Although this Court is not suggesting that the pre-petition tax refunds are not property of the estate and is not excusing the Debtors' failure to list the refund in their original Schedules, the Debtors should be entitled to amend their exemptions when they have inadvertently failed to include such an asset. *See In re*

*Verill,* 17 B.R. 652 (Bankr.D.Md.1982) (pre-petition tax refunds are property of the estate, and not exempt as wages).

■ The Trustee also argues that the amendment should not be allowed because the creditors have been prejudiced. He does not elaborate, but apparently the prejudice is the Trustee's interception of the tax refund and filing of a notice of assets, which caused the creditors to file proofs of claim. This is not the type of prejudice that trumps the liberal amendment policy of Rule 1009. The Trustee claims to have "ferreted out" and "administered" the Debtors' tax refund. He does not describe what is involved in a tax refund intercept, but the Notice of Assets is a docket entry in the Debtors' case that could not have taken more than a few minutes to create. Presumably the Trustee has opened a bank account for the deposit of the refund and accounted for the funds in his required Trustee reports. Reading between the lines of the Trustee's Brief, the real prejudice appears to be that the creditors who have filed claims will not receive a distribution if the Debtors' exemption is allowed. However, a reduced distribution is not, by itself, sufficient prejudice to disallow an amendment.

In *In re Shethi*, the Trustee objected to the debtors' amended exemptions, claiming prejudice and bad faith. 389 B.R. 588 (Bankr.N.D.Ill.2008). In that case, Judge Sonderby pointed out that the appropriate inquiry is not whether the creditors will recover less if the amendment is allowed, but rather whether creditors have changed their position in reliance on the original statement and would be adversely affected by allowing an amendment to that statement. *Id.* at 599 (citing 9 L. King, *Collier on Bankruptcy,* ¶ 1009.02[1]). The court cited *In re Talmo*, as a case that "aptly illustrates" prejudice to creditors in this

context. 185 B.R. 637 (Bankr.S.D.Fla. 1995). In *Talmo*, a debtor claimed exempt a certain parcel of real estate for the duration of his Chapter 11 case, expressly declining to claim another sub-parcel as exempt. After the Chapter 11 case failed, and another parcel was set to be sold in the ensuing Chapter 7, the debtor and his attorneys met and decided to amend the exemption to include the sub-parcel, and to time the amendment to ensure that the other parcel sold first, freeing up value on the sub-parcel for the debtor. The *Talmo* court disallowed the amendment, finding that the creditors and the trustee had relied on the debtor's failure to claim the sub-parcel as exempt earlier in the case, and thus would be prejudiced by the amendment. Moreover, the debtor acted in bad faith by intentionally delaying the filing of the amendment in order to gain a tactical and economic advantage over the creditors and the estate. In *Shethi*, the court found that the Trustee did not carry his burden of proving that the debtors' conduct in filing a late amendment of their exemptions—including an amendment filed after the Trustee objected—showed bad faith or prejudice to the creditors. Similarly, the alleged prejudice in this case, consisting of the Trustee's interception of a tax refund, noting the asset in the docket, and the creditors' filing of claims, does not constitute prejudice to creditors sufficient to bar the amendment of the exemptions.

In summary, the Court is not condoning the Debtors' failure to initially schedule and exempt their tax refunds. The Court admonished the Debtors' counsel at the hearing to be cognizant of this issue going forward, and that the Court will be skeptical of cries of "inadvertence" in the future. However, since it appears that the Debtors inadvertently failed to list and exempt the refund, did not act in bad faith, and the creditors were not prejudiced by the amendment, the Court concludes that the Trustee failed to meet the burden of clear and convincing evidence to defeat the amendment, and his Objection cannot be sustained.

IT IS THEREFORE ORDERED: the Trustee's Objection to the Debtors' amended exemption of their 2009 tax refund is overruled, and the Trustee shall turn over the Debtors' exempt refund forthwith.